UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x
                                                        :
UNITED STATES OF AMERICA                                 :        S3 12 Cr. 626 (ER)
          :                                             :
                    - v. -                               :
                                                        :
RAYMOND CHRISTIAN,                                       :
     a/k/a "Reckless,"                                   :
TYRELL WHITAKER,                                         :
     a/k/a "Bow Wow," and                                :
GLENN THOMAS,                                            :
     a/k/a "Gucci,"                                      :
                                                        :
                    Defendants.                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -   x

## GOVERNMENT'S REQUESTS TO CHARGE

Pursuant to Rule 30 of the Federal Rules of Criminal Procedure, the Government respectfully requests that the Court include the following in its charge to the jury.

## Table of Contents

TABLE OF CONTENTS ....................................................................................................................I

    REQUEST NO. 1: GENERAL REQUESTS.........................................................................................1
    REQUEST NO. 2: THE INDICTMENT............................................................................................2
    REQUEST NO. 3: SUMMARY OF INDICTMENT ............................................................................3
    REQUEST NO. 4: STRUCTURE OF CHARGES - MULTIPLE COUNTS AND TIME-FRAME ...............5
    REQUEST NO. 5: STATUTE AND INDICTMENT .............................................................................7

COUNT ONE: ROBBERY CONSPIRACY .....................................................................................7

    REQUEST NO. 6: ELEMENTS .......................................................................................................8
    REQUEST NO. 7: FIRST ELEMENT – EXISTENCE OF THE CONSPIRACY .......................................9
    REQUEST NO. 8: SECOND ELEMENT -- MEMBERSHIP IN THE CONSPIRACY ..............................13
    REQUEST NO. 9: OVERT ACTS .................................................................................................16
    REQUEST NO. 10: LIABILITY FOR ACTS AND DECLARATIONS OF CO-CONSPIRATORS ............17
    REQUEST NO. 11: TIME OF CONSPIRACY .................................................................................18
    REQUEST NO. 12: GENERAL INSTRUCTIONS ............................................................................19

COUNT TWO: ROBBERY ............................................................................................................19

    REQUEST NO. 13: ELEMENTS OF THE OFFENSE .......................................................................20
    REQUEST NO. 14: FIRST ELEMENT – PROPERTY OF ANOTHER .................................................21
    REQUEST NO. 15: SECOND ELEMENT – TAKING BY ACTUAL OR THREATENED FORCE, VIOLENCE OR FEAR .........22
    REQUEST NO. 16: THIRD ELEMENT – INTERFERENCE WITH COMMERCE....................................24
    REQUEST NO. 17: FOURTH ELEMENT – "UNLAWFULLY" AND "KNOWINGLY"...........................26
    REQUEST NO. 18: "ATTEMPT".................................................................................................27
    REQUEST NO. 19: INDICTMENT AND ELEMENTS OF CONSPIRACY .............................................29

COUNT THREE: NARCOTICS CONSPIRACY ..........................................................................29

    REQUEST NO. 20: FIRST ELEMENT - EXISTENCE OF THE CONSPIRACY .....................................31
    REQUEST NO. 21: FIRST ELEMENT - OBJECTS OF THE CONSPIRACY...........................................34
    REQUEST NO. 22: DEFINITIONS OF DISTRIBUTION AND POSSESSION WITH INTENT TO DISTRIBUTE ...........35
    REQUEST NO. 23: SECOND ELEMENT - MEMBERSHIP IN THE CONSPIRACY .............................38
    REQUEST NO. 24: DURATION AND EXTENT OF INVOLVEMENT IN THE CONSPIRACY ................41
    REQUEST NO. 26: SPECIAL INTERROGATORY ON DRUG QUANTITY .........................................43
    REQUEST NO. 27: STATUTE AND INDICTMENT .........................................................................45

COUNT FOUR: MURDER THROUGH THE USE OF A FIREARM ..........................................45

    REQUEST NO. 28: ELEMENTS....................................................................................................46
    REQUEST NO. 29: FIRST ELEMENT - "USING," "CARRYING," OR "POSSESSING" ......................47
    REQUEST NO. 30: SECOND ELEMENT - DURING AND IN RELATION TO A CRIME OF VIOLENCE ...........50
    REQUEST NO. 31: THIRD ELEMENT - "CAUSED THE DEATH OF A PERSON".............................51
    REQUEST NO. 32: FOURTH ELEMENT - DEFINITION OF MURDER UNDER SECTION 1111 ...........52
    REQUEST NO. 33: FIFTH ELEMENT - "WILLFULLY," AND "KNOWINGLY" ...............................53
    REQUEST NO. 34: GENERAL INSTRUCTIONS............................................................................54

COUNTS FIVE AND SIX:  POSSESSION OF FIREARM DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME AND A CRIME OF VIOLENCE ............................................................54

    REQUEST NO. 35: ELEMENTS OF THE OFFENSE .......................................................................56
    REQUEST NO. 36: FIRST ELEMENT - "USING," "CARRYING," OR "POSSESSING" ......................57
    REQUEST NO. 37: SECOND ELEMENT - DURING AND IN RELATION TO A DRUG TRAFFICKING CRIME OR A CRIME OF VIOLENCE ............................................................................................59
    REQUEST NO. 38: THIRD ELEMENT – "WILLFULLY" AND "KNOWINGLY" ...............................60
    REQUEST NO. 39: SPECIAL INTERROGATORY..........................................................................61

REQUEST NO. 40: AIDING AND ABETTING............................................................................................63

**ADDITIONAL CHARGES**...................................................................................................................**63**

REQUEST NO. 41: VENUE .................................................................................................................65
REQUEST NO. 42: STIPULATIONS .......................................................................................................66
REQUEST NO. 43: PARTICULAR INVESTIGATIVE TECHNIQUES NOT REQUIRED............................................67
REQUEST NO. 44: UNCALLED WITNESSES – EQUALLY AVAILABLE TO BOTH SIDES .....................................68
REQUEST NO. 45: EXPERT TESTIMONY................................................................................................69
REQUEST NO. 46: ACCOMPLICE OR COOPERATING WITNESS TESTIMONY ...............................................70
REQUEST NO. 47: ACCOMPLICE TESTIMONY – GUILTY PLEA ................................................................73
REQUEST NO. 48: DEFENDANT'S TESTIMONY ......................................................................................74
REQUEST NO. 49: DEFENDANT'S RIGHT NOT TO TESTIFY......................................................................75
REQUEST NO. 50: PREPARATION OF WITNESSES...................................................................................76
REQUEST NO. 51: USE OF INFORMANTS..............................................................................................77
REQUEST NO. 52: USE OF EVIDENCE OBTAINED PURSUANT TO SEARCHES ..............................................78
REQUEST NO. 53: LAW ENFORCEMENT WITNESSES .............................................................................79
REQUEST NO. 54: USE OF RECORDINGS ..............................................................................................80
REQUEST NO. 55: REDACTION OF EVIDENTIARY ITEMS ........................................................................81
REQUEST NO. 56: USE OF CHARTS AND TABLES ..................................................................................82
REQUEST NO. 57: CHARACTER WITNESSES .........................................................................................83
REQUEST NO. 58: SIMILAR ACTS.......................................................................................................84
REQUEST NO. 59: PERSONS NOT ON TRIAL .........................................................................................86
REQUEST NO. 60: CONSCIOUSNESS OF GUILT FROM EVIDENCE OF FALSE EXCULPATORY STATEMENTS ...........87
REQUEST NO. 61: TRANSCRIPTS OF TAPE RECORDINGS .......................................................................88

<u>REQUEST NO. 1: General Requests</u>

The Government respectfully requests that the Court give its usual instructions to the jury on the following matters:

a. Function of Court And Jury.

b. Indictment Not Evidence.

c. Statements of Court And Counsel Not Evidence.

d. Burden of Proof And Presumption Of Innocence.

e. Jury's recollection controls.

f. Reasonable Doubt.

g. Government Treated Like Any Other Party.

h. Definitions, Explanations, and Example of Direct And Circumstantial Evidence.

i. Inferences.

j. Interest in Outcome

k. Rulings on Evidence and Objections.

l. Credibility of Witnesses.

m. Right to See Exhibits and Have Testimony Read During Deliberations

n. Sympathy: Oath of Jurors.

o. Punishment Is Not To Be Considered By The Jury.

p. Verdict Of Guilt Or Innocence Must Be Unanimous.

<u>REQUEST NO. 2: The Indictment</u>

The defendants, RAYMOND CHRISTIAN, a/k/a "Reckless," TYRELL WHITAKER, a/k/a "Bow Wow," and GLENN THOMAS, a/k/a "Gucci," are formally charged in a Superseding Indictment (the "Indictment").  As I instructed you at the outset of this case, the Indictment is a charge or accusation.  It is not evidence.  Before you begin your deliberations, you will be provided with a copy of the Indictment.  I will not read the entire Indictment to you at this time.  Rather, I will first summarize the offenses charged in the Indictment and then explain in detail the elements of each of the offenses.

<u>REQUEST NO. 3: Summary Of Indictment</u>

The Indictment contains a total of six counts, or charges.  Not all defendants are charged in all counts.  In your deliberations and in reaching your verdict, you must consider each count separately, and you must weigh the evidence as to each charged defendant separately for each count in which that defendant is charged.

Count One charges that in or about December 2010, RAYMOND CHRISTIAN and GLENN THOMAS, together with others, combined, conspired or agreed to commit a robbery of persons they believed to be in possession of narcotics and narcotics proceeds in Newburgh, New York.

Count Two charges that on or about December 15, 2010, RAYMOND CHRISTIAN, TYRELL WHITAKER, and GLENN THOMAS, together with others, unlawfully and knowingly committed and attempted to commit robbery of individuals they believed to be in possession of narcotics and narcotics proceeds, in the vicinity of 54 Chambers Street, Newburgh, New York.

Count Three charges that from in or about 2008 through in or about September 2012, RAYMOND CHRISTIAN and GLENN THOMAS, together with others, intentionally and knowingly combined, conspired, confederated, and agreed, to violate the federal narcotics laws, specifically, to distribute, and to possess with intent to distribute controlled substances containing a detectable amount of cocaine base, in a form commonly known as "crack," heroin, and a quantity of marijuana.

Count Four charges that on or about December 15, 2010, RAYMOND CHRISTIAN, TYRELL WHITAKER, and GLENN THOMAS, and others used and possessed firearms, and

3

did aid and abet the use, carrying, and possession of firearms, and in the course thereof did cause the death of a person, Jeffrey Henry, through the use of a firearm, which killing is murder.

Count Five charges that on or about December 15, 2010, RAYMOND CHRISTIAN, TYRELL WHITAKER, and GLENN THOMAS, and others used, carried, possessed, and discharged firearms, and aided and abetted the use, carrying, possession and discharge of firearms during and in relation to the crimes of violence, namely, the robbery conspiracy and robbery charged in Counts One and Two.

Count Six charges that in or about 2008 through in or about September 2012, RAYMOND CHRISTIAN, TYRELL WHITAKER, and GLENN THOMAS, and others, used, carried, and possessed firearms, and aided and abetted the use, carrying and possession of firearms during and in relation to the drug conspiracy charged in Count Three.

REQUEST NO. 4: Structure of Charges - Multiple Counts and Time-Frame

A few observations are in order following my summary of the Indictment.  As you probably could tell from the summary, the Indictment contains many charges — charges, for example, involving robbery, narcotics trafficking, murder, and firearms use.

Unless I instruct you otherwise, you will need to consider each charge against each charged defendant, and determine whether the Government has carried its burden of proof with respect to that charge.  I will provide you with a verdict form, and you will need to report the results of your deliberations on each count and defendant on the verdict form.  To do so, you will need to keep track during your deliberations of which defendant you are considering, which charge you are considering, and, even more specifically, the legal elements applicable to the charge.

In a few moments, I will instruct you on the elements of each of the charged offenses.  I will provide you with all relevant definitions and all relevant legal principles.  In other words, I will provide you with all the instructions you need to decide whether the Government has proven beyond a reasonable doubt each of the necessary elements on each of the charges in the Indictment.

During your deliberations, you will have a copy of the Indictment to reference as you deem necessary.  You also will have a copy of my instructions.

I make these observations to ensure that you understand the structure of the charges against the defendants and your obligation to consider the charges against each defendant separately and under each statute and theory of liability alleged in the Indictment.

Before I describe the specific elements of the alleged offenses, I should draw your attention to the fact that it does not matter if the Indictment charges that a specific act occurred on or about a certain date, and the evidence indicates that, in fact, it was on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the date established by testimony or exhibits.  Further, it is not required that any defendant committed a charged crime throughout the entire time period charged in a particular count; it is sufficient for the Government to prove beyond a reasonable doubt that at some time during the period charged in the Indictment, the defendant participated in the charged crime.

> Hon. Leonard B. Sand, Modern Federal Jury Instructions,  Instr. 3-6. Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993).

<u>REQUEST NO. 5: Statute and Indictment</u>
Count One: Robbery Conspiracy

The first count of the Indictment charges that RAYMOND CHRISTIAN and GLENN

THOMAS violated Section 1951 of Title 18 of the United States Code.  That section provides as

follows:

> Whoever in any way or degree obstructs, delays, or affects
> commerce or the movement of any article or commodity in
> commerce, by robbery or extortion or attempts or conspires so to
> do, or commits or threatens physical violence to any person or
> property in furtherance of a plan or purpose to do anything in
> violation of this section shall be [guilty of a crime].

Specifically, Count One charges, and I am now reading from the Indictment, that:

> In or about December 2010, in the Southern District of New York
> and elsewhere, RAYMOND CHRISTIAN, a/k/a "Reckless,"…and
> GLENN THOMAS, a/k/a "Gucci," the defendants, and others
> known and unknown, unlawfully and knowingly did combine,
> conspire, confederate, and agree together and with each other to
> commit robbery, as that term is defined in Title 18, United States
> Code, Section 1951(b)(1), and would and did thereby obstruct,
> delay, and affect commerce and the movement of articles and
> commodities in commerce, as that term is defined in Title 18,
> United States Code, Section 1951(b)(3), to wit, the defendants and
> others agreed to commit an armed robbery of individuals they
> believed to be in possession of narcotics and narcotics proceeds in
> Newburgh, New York.

7

REQUEST NO. 6: Elements
Count One: Robbery Conspiracy

Let me now instruct you about the law of conspiracy.  A conspiracy is a kind of criminal partnership – an agreement of two or more persons to join together to accomplish some unlawful purpose.

The crime of conspiracy to commit robbery is an independent offense, separate and distinct from an actual robbery offense.  Indeed, you may find a defendant guilty of the crime of conspiracy to commit robbery, even if there was no actual robbery committed.  Congress has deemed it appropriate to make conspiracy, standing alone, a separate crime, even if the conspiracy is not successful and no robberies were actually committed.

To meet its burden of proving the robbery conspiracy charged in Count One of the Indictment, the prosecution must prove the following two elements beyond a reasonable doubt:

First, the prosecution must prove the existence of the robbery conspiracy charged in Count One; and

Second, the prosecution must prove that the defendants knowingly became members of the conspiracy.

Now let us separately consider these elements.

> Adapted from charge of the Honorable Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141 (S.D.N.Y. July 27, 2004); and from charge of the Honorable Leonard Sand in United States v. Clemente, S79 Cr. 142 (LBS) (Apr. 28, 1980), aff'd, 640 F.2d 1069 (2d Cir. 1981).

> Under the Hobbs Act, it is not necessary for the Government to allege or prove an overt act.  Cf. United States v. Shabani, 513 U.S. 10 (1994) (holding that where a particular statute, unlike 18 U.S.C. § 371, contains no explicit overt act requirement, Government need not prove overt act in furtherance of conspiracy).

REQUEST NO. 7: First Element – Existence of the Conspiracy
Count One: Robbery Conspiracy

As to Count One, the first element that the prosecution must prove beyond a reasonable doubt is the existence of a conspiracy that had as its object the illegal purposes charged in the Indictment.

A conspiracy is a combination, agreement, or understanding of two or more persons to accomplish, by concerted action, a criminal or unlawful purpose.  The unlawful purpose alleged to have been the object of the conspiracy charged in Count One is the commission of a robbery or robberies.

The gist, or the essence, of the crime of conspiracy is an unlawful agreement between two or more people – not including a Government agent – to violate the law.  The first element of the crime of conspiracy thus has two parts:  (1) an agreement and (2) an illegal object of the conspiracy.  I am now going to describe both parts of this element to you.

**A.     An Agreement**

First, to meet its burden of proof on this element, the prosecution must prove that there was an agreement.  However, the prosecution is not required to show that two or more people sat down around a table and entered into a solemn pact, orally or in writing, stating that they had formed a conspiracy to violate the law and spelling out all the details of the plans and the means by which the unlawful project was to be carried out, or the part that each of the persons who is a party to the conspiracy is going to play.  Indeed, it would be quite extraordinary if there were ever such a formal document or specific oral agreement.

Common sense will tell you that when people in fact undertake to enter into a criminal conspiracy, much is left to the unexpressed understanding.  Conspirators do not usually reduce

9

their agreements to writing.  They don't typically publicly broadcast their plans.  By its very nature, a conspiracy is almost always secret in its origin and execution.

It is enough if two or more people, in some way or manner, impliedly or tacitly, come to an understanding to violate the law.  Express language or specific words are not required to indicate assent or agreement to form the conspiracy.  You need only find that two or more people entered into the unlawful agreement alleged in Count One in order to find that a conspiracy existed.

In determining whether there has been an unlawful agreement as alleged in Count One, you may judge the proven acts and conduct of the alleged co-conspirators that were taken to carry out the apparent criminal purpose.  The old adage, "actions speak louder than words," is applicable here.  Often, the only evidence that is available is that of disconnected acts that, when taken together in connection with one another, show a conspiracy or an agreement to secure a particular result just as satisfactorily and conclusively as more direct proof.

When people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.  In determining the factual issues before you, you may take into account against the defendant any acts done or statements made by any of the alleged co-conspirators during the course of the conspiracy, even though such acts or statements were not made in the presence of the defendant or were made without his knowledge.

Of course, proof concerning the accomplishment of the object of a conspiracy may be the most persuasive evidence that the conspiracy itself existed, but it is not necessary, as I have said, that the conspiracy actually succeeded for you to conclude that it existed.  In deciding whether the conspiracy charged in Count One existed, you may consider all the evidence of the acts,

10

conduct, and statements of the alleged conspirators and the reasonable inferences to be drawn from that evidence.

It is sufficient to establish the existence of the conspiracy if, after considering all of the relevant evidence, you find beyond a reasonable doubt that the minds of at least two alleged conspirators met in an understanding way, and that they agreed, as I have explained, to work together to accomplish the object or objective of the conspiracy charged in Count One.

In short, the prosecution must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to commit a robbery or robberies in the manner charged in Count One.

> Adapted from charges of the Honorable Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141 (S.D.N.Y. July 27, 2004), and the Honorable John F. Keenan, United States v. Paa Smith, 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002) (narcotics charge regarding elements of conspiracy).

**B.     Object Of The Conspiracy**

The second part of the first element relates to the object, or objective, of the conspiracy. Count One of the Indictment charges that the object of the conspiracy was to commit an armed robbery of individuals believed to be in possession of narcotics and narcotics proceeds in Newburgh, New York.  Specifically, here, the defendants are charged with agreeing with others to commit robberies of individuals selling crack cocaine and marijuana from a house located at 54 Chambers Street, Newburgh, New York.

A robbery is the unlawful taking of personal property from another against his or her will. This is done by threatening or actually using force, violence, or fear of injury, immediately or in the future, to person or property.

In order to find that a defendant conspired to commit robbery, you must find that the Government proved beyond a reasonable doubt that the defendant unlawfully agreed with at least one other person to: (i) obtain or take the personal property of another, or from the presence of another, or attempted to do so; (ii) did so against the intended victim's will by actual or threatened force, violence or fear of injury, whether immediate or in the future; and (iii) that the defendant's actions would have in any way or degree, obstructed, delayed or affected interstate commerce.  I will discuss in detail these elements in a few minutes.

Property Defined

With respect to the first element, one must conspire to take property, and the term "property" as used in these instructions means anything of value, including, cash, jewelry, and other items of value, such as illegal narcotics.

Adapted from L. Sand, Modern Federal Jury Instructions, Instructions 50-11 (2003).

REQUEST NO. 8: Second Element -- Membership in the Conspiracy
Count One: Robbery Conspiracy

If you conclude that the prosecution has proven beyond a reasonable doubt that the conspiracy charged in the Indictment existed, and that the conspiracy had as its object one of the illegal purposes charged in the Indictment, then you must next determine the second question: whether the defendants participated in the conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

The prosecution must prove beyond a reasonable doubt that the defendants unlawfully and knowingly entered into the conspiracy -- that is, with a purpose to violate the law -- and that the defendants agreed to take part in the conspiracy to promote and cooperate in its unlawful objectives.

The terms "unlawfully" and "knowingly" are used because, if you find that the defendants did join the conspiracy, you must also consider whether the prosecution has proven beyond a reasonable doubt that, in doing so, the defendants knew what they were doing.  In other words, the Government must prove beyond a reasonable doubt that the defendants joined the conspiracy deliberately and voluntarily.

"Unlawfully" simply means contrary to law.  Each defendant need not have known that he was breaking any particular law, but he must have been aware of the generally unlawful nature of his acts.

An act is done "knowingly" if it is done deliberately and purposely; that is, a defendant's acts must have been the product of the defendant's conscious objective, rather than the product of a mistake or accident, or mere negligence, or some other innocent reason.

Knowledge, of course, is a matter of inference from the proven facts.  Science has not yet devised a manner of looking into anyone's mind and knowing what he or she is thinking.  You

13

do have before you the evidence of acts alleged to have taken place by or with the defendant or in his presence.  The Government contends that these acts show beyond a reasonable doubt the defendant's knowledge of the unlawful purpose of the conspiracy.

Each defendant denies that he was a member of a conspiracy.  Specifically, each defendant denies that he committed the acts alleged by the prosecution to be sufficient to establish that he knowingly joined the charged conspiracy.  It is for you to determine whether the prosecution has established beyond a reasonable doubt that the defendants possessed such knowledge and intent.

It is not necessary for the prosecution to show that a defendant was fully informed as to all the details of the conspiracy in order for you to infer knowledge on the part of the defendant. To have guilty knowledge, the defendant did not need to know the full extent of the conspiracy, or all of the activities of all the conspiracy's participants.  Similarly, it is not necessary for a defendant to have known every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and may still be considered a co-conspirator.  Nor is it necessary for a defendant to have received any monetary benefit from his participation in the conspiracy, or to have a financial stake in the outcome of the alleged joint venture.  It is enough if a defendant participated in the conspiracy unlawfully and knowingly, as I have defined those terms.

The duration and extent of a defendant's participation has no bearing on the issue of that defendant's guilt.  A defendant need not have joined the conspiracy at the outset.  A defendant may have joined the conspiracy at any time in its progress, and the defendant will be held responsible for all that was done before he joined and all that was done during the conspiracy's existence while he was a member.  Each member of a conspiracy may perform separate and

14

distinct acts.  Some conspirators play major roles, while others play minor roles in the scheme.

An equal role is not what the law requires.  In fact, even a single act may be sufficient to draw a

defendant within the scope of the conspiracy.

However, I want to caution you that a person's mere association with a member of a

conspiracy does not make that person a member of the conspiracy, even when that association is

coupled with knowledge that a conspiracy is taking place.  Mere presence at the scene of a crime,

even coupled with knowledge that a crime is taking place, is not sufficient to support a

conviction.  In other words, knowledge without agreement and participation is not sufficient.

What is necessary is that the defendant joined in the conspiracy with knowledge of its unlawful

purposes, and with an intent to aid in the accomplishment of its unlawful objectives.

In sum, the prosecution must prove beyond a reasonable doubt that the defendants -- with

an understanding of the unlawful character of the conspiracy -- knowingly engaged, advised, or

assisted in the conspiracy for the purpose of committing a robbery or robberies.  The defendants

thereby became knowing and willing participants in the unlawful agreement -- that is to say, each

became a conspirator.

Once a conspiracy is formed, it is presumed to continue until either its objective is

accomplished or there is some affirmative act of termination by the members.  So too, once a

person is found to be a member of a conspiracy, he or she is presumed to continue as a member

in the conspiracy until a conspiracy is terminated, unless it is shown by some affirmative proof

that the person withdrew and disassociated himself or herself from it.

> Adapted from charges of the Honorable Lewis A. Kaplan in United
> States v. Jeffrey Otis Redden, 02 Cr. 1141 (S.D.N.Y. July 27,
> 2004), and the Honorable John F. Keenan, United States v. Paa
> Smith, 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002).

15

<u>REQUEST NO. 9: Overt Acts</u>
Count One: Robbery Conspiracy

Count One of the Indictment contains a section entitled "Overt Acts."  You will have a

copy of the Indictment with you while you deliberate.  Although the Indictment lists overt acts,

the prosecution need not prove that a defendant or any accomplice committed any overt act.  As I

have told you, to prove a conspiracy, the prosecution need only prove the unlawful agreement,

and the defendants' knowing participation in the conspiracy.

> Under the Hobbs Act, it is not necessary for the Government to
> allege or prove an overt act.  <u>Cf.</u> <u>United States</u> v. <u>Shabani</u>, 513
> U.S. 10 (1994) (holding that where a particular statute, unlike 18
> U.S.C. § 371, contains no explicit overt act requirement,
> Government need not prove overt act in furtherance of conspiracy).

16

REQUEST NO. 10: Liability For Acts And Declarations Of Co-Conspirators
Count One: Robbery Conspiracy

When considering the robbery conspiracy charged in Count One – I instruct you that when people enter into a conspiracy to accomplish an unlawful end, they become agents or partners of one another in carrying out the conspiracy.

In determining the factual issues before you, you may consider against the defendant any acts or statements made by any of the people that you find, under the standards I have already described, to have been his co-conspirators, even though such acts or statements were not made in his presence, or were made without their knowledge.

See United States v. Mastropieri, 685 F.2d 776, 786-90 (2d Cir. 1982)(specifically mandating that juries not be invited to reconsider admissibility of co-conspirator hearsay)

REQUEST NO. 11: Time of Conspiracy
Count One: Robbery Conspiracy

The Indictment charges that the alleged conspiracy existed in or about December 2010. It is not essential that the prosecution prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time within or around the dates set forth in the Indictment.

This is also a good opportunity to instruct you that it does not matter if a specific event or transaction is alleged to have occurred on or about a certain date, and the evidence indicates that in fact it occurred on another date.  The law only requires a substantial similarity between the dates alleged in the Indictment and the dates established by the testimony and other evidence.

REQUEST NO. 12: General Instructions
Count Two: Robbery

I now will turn to Count Two, which alleges that RAYMOND CHRISTIAN, TYRELL

WHITAKER, and GLENN THOMAS committed a robbery and attempted to commit a robbery

in Newburgh on or about December 15, 2010.  This count reads as follows:

> On or about December 15, 2010, in the Southern District of New York and
> elsewhere, RAYMOND CHRISTIAN, a/k/a "Reckless,"…TYRELL
> WHITAKER, a/k/a "Bow Wow," and GLENN THOMAS, a/k/a "Gucci," the
> defendants, and others known and unknown, unlawfully and knowingly did
> commit and attempt to commit robbery, as that term is defined in Title 18, United
> States Code, Section 1951(b)(1), and did thereby obstruct, delay, and affect
> commerce and the movement of articles and commodities in commerce, as that
> term is defined in Title 18, United States Code, Section 1951(b)(3), to wit, the
> defendants committed and attempted to commit an armed robbery of individuals
> they believed to be in possession of narcotics and narcotics proceeds, in the
> vicinity of 54 Chambers Street, Newburgh, New York.

The allegation contained in Count Two is brought under the law that prohibits robbery,

and also under a provision of the Federal Criminal Code that makes it a crime for anyone to aid,

abet, counsel, command, induce, or procure the commission of another crime.  I will provide

instructions on those concepts in a few minutes.

> Adapted from the charges of the Honorable John G. Koeltl in
> United States v. Alvarado Matriller, 94 Cr. 723 (JGK) (S.D.N.Y.
> 1995), and the Honorable Harold Baer in United States v.
> Martinez, 97 Cr. 313 (HB) (S.D.N.Y. 1997).

19

<u>REQUEST NO. 13: Elements of the Offense</u>
Count Two: Robbery

To sustain its burden of proof on Count Two, the Government must prove beyond a

reasonable doubt each of the following elements:

<u>First</u>, that the defendants obtained or took, or attempted to obtain or take, the property of

another.

<u>Second</u>, that the defendants did so against the victim's will, by actual or threatened force,

violence, or fear of injury, whether immediate or in the future.

<u>Third</u>, that the defendants' actions actually or potentially, in any way or degree,

obstructed, delayed or affected interstate commerce.

<u>Fourth</u>, that the defendants acted unlawfully and knowingly.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-3);
> <u>McLaughlin</u> v. <u>Anderson</u>, 962 F.2d 187 (2d Cir. 1992); and from
> the charge of the Honorable Denny Chin in <u>United States</u> v. <u>Ruiz</u>,
> S9 96 Cr. 317 (DC).

<u>REQUEST NO. 14: First Element – Property of Another</u>
Count Two: Robbery

The first element the Government must prove beyond a reasonable doubt is that the

defendants knowingly obtained, and attempted to obtain, the personal property of another or

from the presence of another.  The term property includes tangible and intangible things of value.

In this case the Government alleges that the object of the robbery charged in Count Two was

narcotics and narcotics proceeds.


Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-4.

<u>REQUEST NO. 15: Second Element – Taking by Actual or Threatened Force, Violence or Fear</u>
Count Two: Robbery

The second element the Government must prove beyond a reasonable doubt is that the defendants took, and attempted to take, the personal property against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediate or in the future.

It is not necessary that the Government prove that force, violence and fear were all used or threatened.  The Government satisfies its burden in this regard if it proves beyond a reasonable doubt that any of these methods were employed.

In considering whether a defendant used, or threatened to use force, violence or fear, you should give those words their common and ordinary meaning, and understand them as you normally would.  The violence does not have to be directed at the person whose property was taken.  The use of a threat of force or violence might be aimed at a third person.  A threat may be made verbally or by a physical gesture.  Whether a statement or physical gesture by a defendant actually was a threat depends upon the surrounding facts.

Fear exists if at least one victim experiences anxiety, concern, or worry over expected personal harm.  The existence of fear must be determined by the facts existing at the time of a defendant's actions.

Your decision whether a defendant used or threatened fear of injury involves a decision about the victim's state of mind at the time of the defendant's actions.  It is obviously impossible to ascertain or prove directly a person's subjective feeling.  You cannot look into a person's mind to see what his or her state of mind is or was.  But a careful consideration of the circumstances and evidence should enable you to decide whether fear would reasonably have been the victim's state of mind.

22

Looking at the situation and the action of people involved may help you determine what their state of mind was.  You can consider this kind of evidence -- known as "circumstantial evidence" -- in deciding whether property was obtained by a defendant through the use or threat of fear. [**IF APPLICABLE:** You also heard the testimony of some witnesses describing their state of mind – that is, how they felt – at a certain moment in time.  This testimony was allowed to help you in deciding whether the property was obtained by fear.  You should consider this testimony for that purpose only.]

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-5, 50-6; <u>see</u> <u>United States</u> v. <u>Clemente</u>, 640 F.2d 1069, 1079 (2d Cir. 1981).

It is not necessary that the fear be a consequence of a direct threat; it is sufficient that the surrounding circumstances render the victim's fear reasonable.  You must find that a reasonable person would have been fearful in the circumstances.

> <u>United States</u> v. <u>Tolub</u>, 309 F.2d 286 (2d Cir. 1962); <u>United States</u> v. <u>Duhon</u>, 565 F.2d 345 (5th Cir. 1978); <u>United States</u> v. <u>Quinn</u>, 514 F.2d 1250 (5th Cir. 1975);  <u>United States</u> v. <u>Hyde</u>, 448 F.2d 815, 834 (5th Cir. 1971).

<u>REQUEST NO. 16: Third Element – Interference with Commerce</u>
Count Two: Robbery

The third element that the Government must prove is that the robbery affected interstate or foreign commerce even if the effect would have been slight or minor.

The requirement of showing an effect on commerce involves only a minimal burden of proving a connection to interstate commerce, and is satisfied by conduct that affects commerce in any way or degree.  The requirement may be satisfied by a showing of a very slight effect on interstate commerce.  Even a potential or subtle effect on commerce will suffice.

> <u>See</u> <u>United States</u> v. <u>Farrish</u>, 122 F.3d 146, 148 (2d Cir.
> 1997)("[T]he jurisdictional requirement of the Hobbs Act may be
> satisfied by a showing of a very slight effect on interstate
> commerce.  Even a potential or subtle effect on commerce will
> suffice."(quoting <u>United States</u> v. <u>Angelilli</u>, 660 F.2d 23, 35 (2d
> Cir. 1981)); <u>United States</u> v. <u>Jamison</u>, 299 F.3d 114, 118 (2d Cir.
> 2002); Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-7.

With regard to this element, it is not necessary for the Government to prove that commerce actually was affected by a defendant's conduct.  It is sufficient if the alleged robbery possibly or potentially would have affected interstate or foreign commerce.

> Adapted from the charge of Judge John E. Sprizzo in *United States*
> v. *Farrish*, 95 Cr. 750 (JES) (Mar. 7, 1996), *aff'd*, 122 F.3d 146
> (2d Cir. 1997); *see also United States* v. *Arena*, 180 F.3d 380, 390
> (2d Cir. 1999) (explaining that "all that need be shown is the
> possibility or potential of an effect on interstate commerce, not an
> actual effect") (quoting *United States* v. *Jones*, 30 F.3d 276, 285
> (2d Cir. 1994)(internal quotations omitted)).

It is not necessary for you to find that a defendant intended or anticipated that the effect of his own acts, or the acts of his co-conspirators, would be to affect interstate commerce or that the defendant or his co-conspirators had or shared a purpose to affect commerce.  All that is

necessary is that the natural effect of the acts he conspired to commit would either actually or potentially affect interstate or foreign commerce.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-7; <u>see</u> <u>also</u> <u>United States</u> v. <u>Silverio</u>, 335 F. 3d 183, 187 (2d Cir. 2003) ("We know of no court that has an intent requirement [for the interstate commerce element] for Hobbs Act prosecutions . . ., and refuse to create one in this circuit").

Nor do you have to decide whether the effect on interstate commerce was or would have been harmful or beneficial to a particular business, or to commerce in general.  The Government satisfies its burden of proving an effect on commerce if it proves beyond a reasonable doubt any effect, whether harmful or not.

> Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 50-7.

When considering this element, it is important for you to know that commerce affected or potentially affected need not be lawful.  Activities affecting or potentially affecting unlawful interstate activity, such as trafficking in illegal narcotics that have traveled in interstate commerce, fall within the purview of the statute.

> <u>See</u> <u>United States</u> v. <u>Parkes</u>, 497 F.3d 220, 228-30 (2d Cir. 2007) (holding that the Hobbs Act requires the jury to find the defendant's conduct affected or would have affected interstate commerce).

25

<u>REQUEST NO. 17: Fourth Element – "Unlawfully" and "Knowingly"</u>
Count Two: Robbery

The fourth element the Government must establish beyond a reasonable doubt is that the defendants acted unlawfully and knowingly.   I have already explained these concepts in connection with the charge contained in Count One, and you should follow my previous instructions on this point.

<u>REQUEST NO. 18: "Attempt"</u>
Count Two: Robbery

As I have stated, the defendants are charged in Count Two with committing the robbery alleged <u>or</u> "attempting" to commit that robbery on December 15, 2010.  So let me say a few words about the meaning of "attempt." An attempt is similar to the crime of conspiracy in that there is no requirement that the attempt be successful or that a defendant actually carried out the crime he was trying to commit.

In order to prove the charge of attempting to commit the robbery charged in Count Two, the Government must establish beyond a reasonable doubt, one, that the defendant you are considering intended to commit the crime charged, and two, that the defendant willfully took some action that was a substantial step in an effort to bring about or accomplish the crime.

Mere intention to commit a specific crime does not amount to an attempt.  In order to convict the defendant of an attempt, you must find beyond a reasonable doubt that the defendant intended to commit the crime charged and that he took some action which was a substantial step toward the commission of the crime.

In determining whether the defendant's actions amounted to a substantial step toward commission of the crime charged, you must distinguish between mere preparation on the one hand and the actual doing of the criminal deed on the other.  Mere preparation, which may consist of planning the offense, or of devising, obtaining or arranging a means for its commission, is not an attempt, although some preparations may amount to an attempt.  Conduct shall be held to constitute a substantial step if it is strongly corroborative of the actor's criminal purpose.  Put another way, the acts of a person who intends to commit a crime will constitute an attempt where the acts themselves clearly indicate an intent to willfully commit the crime and the

27

acts are a substantial step in a course of conduct planned to culminate in the commission of the crime.

In order to sustain its burden of proof on the charge of attempted robbery, the Government must prove that the defendant you are considering (i) attempted to obtain or take, the property of another, (ii) he did so against the victim's will, by actual or threatened force, violence, or fear of injury, whether immediate or in the future, (iii) that the defendant's actions actually or potentially, in any way or degree, obstructed, delayed or affected interstate commerce, and (iv) that the defendant acted unlawfully, willfully and knowingly.

I have previously instructed you on these elements in my instructions and you should follow those instructions.

> Adapted from the charge of the Honorable Laura Taylor Swain in United States v. Jose Ovalle, 02 Cr. 975 (S.D.N.Y. 2003); and from Sand, Modern Federal Jury Instructions, Instr. 10 1.
>
> The Government respectfully requests the Court, contrary to the model attempt instruction in the Modern Federal Jury Instructions, not to provide examples of what actions would constitute a "substantial step" toward the commission of a crime.  Judge Sand's treatise points out that, although other circuits apparently approve of the use of such examples, that practice is not favored in the Second Circuit because of criticism found in United States v. Ivic, 700 F.2d 51, 66 68 (2d Cir. 1983).  See Sand, Modern Federal Jury Instructions, Instr. 10 7 to 10 8.

<u>REQUEST NO. 19: Indictment and Elements Of Conspiracy</u>
Count Three: Narcotics Conspiracy

Count Three of the Indictment charges the RAYMOND CHRISTIAN and GLENN

THOMAS, with participating in a conspiracy to violate the narcotics laws of the United States.

Specifically Count Three charges that:

*[The Court is respectfully requested to read Count Three]*

As I told you earlier with respect to the robbery conspiracy charged in Count One, to

sustain its burden of proof with respect to a charge of conspiracy, the Government must prove

beyond a reasonable doubt the following two elements:

First, the existence of the conspiracy charged.  Thus, with respect to the narcotics

conspiracy charged in Count Three, that there was, in fact, an agreement or understanding to

violate those provisions of the law that make it illegal to distribute narcotics, or to possess

narcotics with the intent to distribute them.

Therefore, the first question for you is:  Did the conspiracy alleged in Count Three exist?

Was there such a conspiracy to distribute illegal narcotics, or to possess narcotics with the intent

to distribute them?

Second, the Government must prove beyond a reasonable doubt that the defendants

knowingly became members of the conspiracy charged; that is, that they knowingly associated

themselves with the conspiracy, and participated in the conspiracy to distribute or possess with

the intent to distribute narcotics.

> Adapted from the charge of the Honorable Leonard B. Sand in
> <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992). Under
> Section 846, it is not necessary for the Government to allege or
> prove even one overt act.  <u>See</u> <u>United States</u> v. <u>Shabani</u>, 115 S. Ct.
> 382, 385 (1994) (Government need not prove commission of any
> overt acts in furtherance of conspiracy in violation of section 846

29

conspiracy); <u>United States</u> v. <u>Story</u>, 891 F.2d 988, 992 (2d Cir. 1989) ("The only elements of a section 846 narcotics conspiracy offense are the existence of a conspiracy and defendant's willful joining it."); <u>United States</u> v. <u>Knuckles</u>, 581 F.2d 305, 311 (2d Cir. 1978); <u>United States</u> v. <u>Bermudez</u>, 526 F.2d 89, 94 (2d Cir. 1975).

REQUEST NO. 20: First Element - Existence of the Conspiracy
Count Three: Narcotics Conspiracy

As I mentioned just a few minutes ago, a conspiracy is a combination, an agreement, or an understanding of two or more persons to accomplish by concerted action a criminal or unlawful purpose.  I explained federal conspiracy law in connection with Count One.  You should apply those same instructions in considering Count Three.

Remember, the conspiracy alleged in Count Three is the agreement to distribute or possess with the intent to distribute a controlled substance, and it is an entirely distinct and separate offense from the actual distribution or possession of a controlled substance.

Object Of The Conspiracy

The object of a conspiracy is the illegal goal the co-conspirators agree or hope to achieve. Count Three of the Indictment charges that the objective of the conspiracy charged in that count was the distribution of and possession with intent to distribute a controlled substance.  I will define the terms "distribution" and "possession" for you in a moment.  As I will explain in more detail in a few moments, to "distribute" means simply to transfer to another.  It does not require a sale.  "Possession with intent to distribute" simply means the possession of a controlled substance with the intention, or purpose, to distribute it to another person or persons.

Let me note that the Government need prove only that a defendant conspired to distribute the controlled substance or that he conspired to possess the controlled substance with the intent to distribute it.  The Government need not prove both.  I will define the terms distribution and possession for you later in these instructions.  If you conclude that the Government has proven beyond a reasonable doubt that the conspiracy charged in Count Three of the Indictment existed, then you must next determine the second question:  Whether the defendants participated in the

31

conspiracy with knowledge of its unlawful purposes and in furtherance of its unlawful objectives.

Quantity

Before I go further, let me note something regarding the quantity and purity of drugs involved.  I instruct you that the actual quantity and purity of the controlled substance involved in the conspiracy charged in Count Three is not an element of this crime, so you need not be concerned with quantity or purity in determining whether a defendant is guilty or not guilty.  In order to determine whether a defendant is guilty, you need only find beyond a reasonable doubt that a conspiracy existed to distribute, or possess with the intent to distribute, some amount of a controlled substance.

As I will explain later, however, if you do find that the Government has proved the elements of Count Three of the Indictment beyond a reasonable doubt, you will then be asked to make a finding about quantity.

> Adapted from the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (S.D.N.Y. 1992); the charge of the Honorable Kevin T. Duffy in United States v. Ogarro, 92 Cr. 114 (S.D.N.Y. 1992); the charge of the Honorable Kevin T. Duffy in United States v. Burnett, 92 Cr. 731 (S.D.N.Y. 1993); and the charge of the Honorable Laura Taylor Swain in United States v. Jose Ovalle, 02 Cr. 975 (S.D.N.Y. 2003); Sand, et al., Modern Federal Jury Instructions, Instr. 19 4.

> See United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("In order to prove conspiracy, the Government need not present evidence of an explicit agreement; proof of a tacit understanding will suffice.  The conspirators need not have agreed on the details of the conspiracy, so long as they have agreed on the essential nature of the plan, and their goals need not be congruent, so long as they are not at cross purposes.") (citations omitted); United States v. Montour, 944 F.2d 1019, 1025 (2d Cir. 1991) ("To prove the existence of an agreement, the Government need not present evidence of a formal arrangement between the co-conspirators. Rather, it is sufficient if the Government can demonstrate that the

defendants acted together with others to realize a common goal")
(citations omitted); <u>United States</u> v. <u>Rubin</u>, 844 F.2d 979, 983 84
(2d Cir. 1988) (generally discussing proof of agreement).

<u>REQUEST NO. 21: First Element - Objects of the Conspiracy</u>
Count Three: Narcotics Conspiracy

As I have just described, the prosecution must prove beyond a reasonable doubt that at least two alleged conspirators came to a mutual understanding, either spoken or unspoken, to possess and distribute cocaine in the manner charged in Count Three.  Now, the second part of the first element relates to the object, or the objective, of the conspiracy.  Count Three charges that the objects of the conspiracy were the distribution of "crack" cocaine, heroin, and marijuana, and the possession of "crack" cocaine, heroin, and marijuana with the intent to distribute it.  Now I will instruct you about these objects by defining the terms "distribution" and "possession with intent to distribute."

Adapted from the charge of the Honorable Richard J. Sullivan in
<u>United States</u> v. <u>Samuels</u>, 08 Cr. 789 (RJS) (S.D.N.Y. 2009).

REQUEST NO. 22: Definitions of Distribution and Possession with Intent to Distribute
Count Three: Narcotics Conspiracy

"Distribution"

The word "distribution" means the actual, constructive or attempted transfer of the drug. To distribute simply means to deliver, to pass over, to hand over something to another person, or to cause it to be delivered, passed on or handed over to another.  Distribution does not require a sale.

"Possession With Intent To Distribute"

What does "possession with intent to distribute" mean?  I will first discuss the concept of "possession," and then discuss the concept of "intent to distribute."

"Possession"

We begin with the concept of "possession."  The legal concept of possession may differ from the everyday usage of the term, so let me explain it in some detail.  Actual possession is what most of us think of as possession; that is, having physical custody or control of an object, as I possess this pen.  However, a person need not have actual, physical possession, that is, physical custody of an object in order to be in legal possession of it.  If an individual has the ability to exercise substantial control over an object that he does not have in his physical custody, and the intent to exercise such control, then he is in possession of that article.  This is called constructive possession.

Control over an object may be demonstrated by the existence of a working relationship between the person having such control and the person with actual physical custody.  The person having control possesses them because he has an effective working relationship with the people who have actual physical custody of them, and because he can direct the movement or transfer or

35

disposition of those things.  In this manner, a businessman may possess things that are scattered throughout a number of stores or offices or installations around and about a city or a country.

More than one person can have control over the same narcotics.  The law recognizes that possession may be sole or joint.  If one person alone has actual or constructive possession of a thing, possession is sole.  If more than one person has possession of it, as I have defined possession for you, then possession is joint.  That is what is meant by "possession."

"Intent to Distribute"

"Possession with intent to distribute," means that a defendant possessed the substances with a state of mind or purpose to transfer them to another person.

Since no one can read a defendant's mind, the determination as to a defendant's intent is inferred from his behavior.  Basically, the question with regard to the intent aspect of the underlying offense is whether any drugs in a defendant's possession, that is, subject to his control in the manner I have indicated, were for his personal use or for the purpose of distribution, or delivery to another.

Often it is possible to make the determination as to whether drugs were possessed "with intent to distribute" from the quantity of drugs that a defendant may have possessed, although the possession of a large quantity of narcotics does not necessarily mean that the defendant intended to distribute them.  On the other hand, a defendant may have intended to distribute a controlled substance even if he did not possess a large amount of it.  Other physical evidence, such as paraphernalia for the packaging and processing of drugs, can show an intent to distribute.  It might also be evidence of a plan or a scheme to distribute.  You should make your decision whether the Government has proved beyond a reasonable doubt that the defendants committed

the offense charged in Count Three of the Indictment from all of the evidence presented in this

case.

> Adapted from the charge of the Honorable Leonard B. Sand in
> United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992), and from
> the charge of the Honorable John M. Walker in United States v.
> Torres, 87 Cr. 593 (JMW) (S.D.N.Y. 1988), aff'd, 901 F.2d 205,
> 221, 243-44 (2d Cir.) (specifically approving charge on
> possession), cert. denied, 111 S.Ct. 273 (1990).  See also Sand et
> al., Modern Federal Jury Instructions, Instr. 56-9, 56-12, and 56-
> 13.

REQUEST NO. 23: Second Element - Membership in the Conspiracy
Count Three: Narcotics Conspiracy

If you conclude that the Government has proven beyond a reasonable doubt that the

conspiracy charged in Count Three existed, you must next determine the second question, and

that is whether the defendants participated in the conspiracy with knowledge of its unlawful

purposes and in furtherance of its unlawful objectives.  I previously instructed you in my

instructions to Count One about determining whether a defendant knowingly became a member

of the conspiracy charged.  You should apply my instructions from Count One in considering a

defendant's membership in the conspiracy.

In summary, I remind you that on this point, the Government must prove by evidence of a

defendant's own actions and conduct beyond a reasonable doubt that he knowingly and

intentionally entered into the conspiracy, the agreement, with a criminal intent, that is, with a

purpose to violate the law, and agreed to take part in the conspiracy to promote and cooperate in

one of its unlawful objectives.

"Knowingly" and "Intentionally" Defined

I also remind you that the terms "knowingly" and "intentionally" mean that you must be

satisfied beyond a reasonable doubt that in joining the conspiracy -- if you find that a defendant

did join the conspiracy -- the defendant knew what he was doing -- that he took the actions in

question deliberately and voluntarily.

An act is done "knowingly" and "intentionally" if it is done deliberately and

purposefully; that is, a defendant's actions must have been his conscious objective rather than the

product of a mistake or accident or mere negligence or some other innocent reason.

I remind you that knowledge is a matter of inference from the proven facts.  As I told you

earlier, science has not yet devised a manner of looking into a person's mind and knowing what

38

that person is thinking.  However, you do have before you the evidence of certain acts alleged to have taken place by or with the defendants or in their presence.  The Government contends that these acts show beyond a reasonable doubt knowledge on the part of the defendants of the unlawful purposes of the conspiracy.

Each of the defendants denies that he was a member of a conspiracy.  It is for you to determine whether the Government has established to your satisfaction and beyond a reasonable doubt that such knowledge and intent existed on the part of a defendant.

As I instructed you earlier, it is not necessary that a defendant be fully informed as to all the details of the conspiracy in order to justify an inference of knowledge on his part.  To have guilty knowledge, a defendant need not have known the full extent of the conspiracy or all of its activities or all of its participants.  It is not even necessary that a defendant know every other member of the conspiracy.  In fact, a defendant may know only one other member of the conspiracy and still be a co-conspirator.  Nor is it necessary that a defendant receive any monetary benefit from his participation in the conspiracy or have a financial stake in the outcome so long as he in fact participated in the conspiracy in the manner I have explained.

The ultimate facts of knowledge and criminal intent, though subjective, may be established by circumstantial evidence, based upon a person's outward manifestations, his words, his conduct, his acts and all the surrounding circumstances disclosed by the evidence and the rational or logical inferences that may be drawn therefrom.

> Adapted from the charge of the Honorable Michael B. Mukasey in United States v. Bello, 91 Cr. 571 (MBM) (S.D.N.Y.), aff'd mem., 990 F.2d 622 (2d Cir. 1993); the charge of the Honorable Leonard B. Sand in United States v. Rios, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); and Sand et al., Modern Federal Jury Instructions, Instr. 19-6.

United States v. Rea, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted); see also United States v. Miranda-Ortiz, 926 F.2d 172, 175-6 (2d Cir.) (generally discussing proof required to show membership in conspiracy), cert. denied, 112 S. Ct. 347 (1991); United States v. Maldonado-Rivera, 922 F.2d 934, 960 (2d Cir. 1990) (same), cert. denied, 111 S. Ct. 2858 (1991).

<u>REQUEST NO. 24: Duration and Extent of Involvement in the Conspiracy</u>
Count Three: Narcotics Conspiracy

Count Three alleges that the narcotics conspiracy existed from in or about 2008, through in or about September 2012.  As I instructed you earlier, it is not essential that the Government prove that the conspiracy alleged started and ended on any specific dates.  Indeed, it is sufficient if you find that the conspiracy was formed and that it existed for some time around or during the time period that I just mentioned.

And as I instructed you earlier in my instructions to Count One, under federal conspiracy law, the duration and extent of a defendant's participation in the conspiracy has no bearing on the issue of a defendant's guilt.  You should apply those same instructions in considering the defendants' membership in the conspiracy charged in Count Three.

> Adapted from the charge of the Honorable Leonard B. Sand in <u>United States</u> v. <u>Rios</u>, 91 Cr. 914 (LBS) (S.D.N.Y. 1992); the charge of the Honorable Michael B. Mukasey in <u>United States</u> v. <u>Bello</u>, 91 Cr. 571 (MBM), aff'd mem., 990 F.2d 622 (2d Cir. 1993); the charge of the Honorable John F. Keenan in <u>United States</u> v. <u>Carrero</u>,  1 Cr. 365 (S.D.N.Y. 1991); from the charge of the Honorable Laura Taylor Swain in <u>United States</u> v. <u>Ovalle</u>, 02 Cr. 975 (LTS) (S.D.N.Y. 2003), and from Sand, et al., <u>Modern Federal Jury Instructions</u>, Instr. 19-6 & 3-12.  <u>See</u> <u>United States</u> v. <u>Rea</u>, 958 F.2d 1206, 1214 (2d Cir. 1992) ("The defendant's knowledge of the conspiracy and participation in it with the requisite criminal intent may be established through circumstantial evidence.  A defendant need not have joined a conspiracy at its inception in order to incur liability for the unlawful acts of the conspiracy committed both before and after he or she became a member.") (citations omitted).  <u>See also</u> <u>United States</u> v. <u>Miranda-Ortiz</u>, 926 F.2d 172, 175-6 (2d Cir.) (generally discussing proof required to show membership in conspiracy), cert. denied, 112 S. Ct. 347 (1991); and <u>United States</u> v. <u>Maldonado-Rivera</u>, 922 F.2d 934, 960 (2d Cir. 1990) (same), cert. denied, 111 S. Ct. 2858 (1991).

REQUEST NO. 25: No Overt Act Requirement
Count Three: Narcotics Conspiracy

You will note that Count Three of the Indictment, unlike Count One, does not contain a section entitled "overt act" or "overt acts."

I instruct you that with respect to the narcotics conspiracy charged in Three – like the robbery conspiracy charged in Count One – you need not find that any overt act occurred.  To prove a narcotics conspiracy, as charged in Count Three, the Government need only prove the existence of the conspiracy charged, and the defendants' knowing participation in the conspiracy.

Adapted from the charge of the Honorable Colleen McMahon in United States v. Watson, S1 03 Cr. 136 (CM) (S.D.N.Y. 2003); and the Honorable Michael B. Mukasey in United States v. Martinez, 00 Cr. 304 (MBM) (S.D.N.Y. 2000).  See United States v. Shabani, 115 S.Ct. 382, 385 (1994); United States v. Story, 891 F.2d 988, 992 (2d Cir. 1989); United States v. Knuckles, 581 F.2d 305, 311 (2d Cir.), cert. denied, 439 U.S. 986 (1978); United States v. Bermudez, 526 F.2d 89, 94 (2d Cir. 1975).

<u>REQUEST NO. 26: Special Interrogatory on Drug Quantity</u>
Count Three: Narcotics Conspiracy

If, and only if, you find that the Government has proved beyond a reasonable doubt that a defendant is guilty of participating in a conspiracy that had as its objective the distribution of a controlled substance or possession with intent to distribute a controlled substance, then you are asked to make a finding, called a special interrogatory, as to quantity.

You do not need to determine the precise quantity of the controlled substance involved in the conspiracy.  Rather, you need only decide whether the conspiracy involved more than certain specified amounts of the controlled substance and whether the amount was either known to the defendants you are considering or reasonably foreseeable to them, and within the scope of the criminal activity that he jointly undertook.

There is only a specified amount for the "crack" cocaine involved in the conspiracy that you must find beyond a reasonable doubt – the specified amount is 280 grams or more of mixtures and substances containing a detectable amount of cocaine base, in a form commonly known as "crack."  You do not need to find that a specified amount of heroin or marijuana was involved in the conspiracy.

Your determinations on drug quantity must be unanimous and beyond a reasonable doubt.  You will be given a verdict sheet on which to record the jury's answer to this question.

> See Apprendi v. New Jersey, 530 U.S. 466 (2000); United States v. Gonzalez, 420 F.3d 111, 125 (2d Cir. 2005); United States v. Thomas, 274 F.3d 655 (2d Cir. 2001)(en banc); United States v. Martinez, 987 F.2d 920, 925-26 (2d Cir. 1993) (noting that a co-conspirator "should not be sentenced for certain conspiratorial acts unless there is proof that he knew or should have known about the details of these conspiratorial acts"); United States v. Velasquez, 28 F.3d 2, 5 (2d Cir. 1994) (holding that the "reasonable foreseeability" requirement does not apply to conduct "that the defendants personally undertake" and that the Sentencing

43

Guidelines, including the definition of relevant conduct in U.S.S.G. § 1B1.3, "are simply an extension of the statutory sentencing scheme"); <u>United States</u> v. <u>Chalarca</u>, 95 F.3d 239, 243 (2d Cir. 1996) ("[T]he quantity of drugs attributed to a defendant need not be foreseeable to him when he personally participates, in a direct way, in a jointly undertaken drug transaction.") (construing the Sentencing Guidelines); <u>United States</u> v. <u>Castrillon</u>, 376 F.3d 46, 47 (2d Cir. 2004) (per curiam) (same) (construing 21 U.S.C. § 846).

REQUEST NO. 27: Statute and Indictment
Count Four: Murder Through The Use of a Firearm

Count Four of the Indictment charges that RAYMOND CHRISTIAN, GLENN

THOMAS, and TYRELL WHITAKER, violated Section 924(j) of Title 18 of the United States

Code.

That provision makes it a crime for any person, "in the course of a violation of [Section

924(c)], [to] cause[] the death of a person through the use of the firearm."  As I told you

previously, Section 924(c) makes it a crime for any person "during and in relation to any crime

of violence or drug trafficking crime … [to] use[] or carr[y] a firearm," or, "in furtherance of any

such crime, [to] possess[] a firearm."  Specifically, Count Four charges, and I am now reading

from the Indictment, that:

> On or about December 15, 2010, in the Southern District of New York,
> RAYMOND CHRISTIAN, a/k/a "Reckless, TYRELL WHITAKER, a/k/a
> "Bow Wow," and GLENN THOMAS, a/k/a "Gucci," the defendants, and
> others known and unknown, willfully and knowingly, during and in
> relation to a crime of violence for which they may be prosecuted in a court
> of the United States, namely, the robbery conspiracy, robbery, and
> attempted robbery charged in Counts One and Two above, did use and
> carry firearms, and, in furtherance of such crimes, did possess firearms,
> and did aid and abet the use, carrying, and possession of firearms, and in
> the course thereof did cause the death of a person through the use of a
> firearm, which killing is murder as defined in Title 18, United States
> Code, Section 1111(a), to wit, the defendants caused the death of Jeffrey
> Henry by discharging a firearm at Jeffrey Henry, in the vicinity of 54
> Chambers Street, Newburgh, New York.

REQUEST NO. 28: Elements
Count Four: Murder Through The Use of a Firearm

To convict RAYMOND CHRISTIAN, TYRELL WHITAKER, and GLENN THOMAS

of Count Four, the Government must prove each of the following elements beyond a reasonable

doubt:

First, that on or about the dates alleged the Indictment, the charged defendants used or

carried or possessed a firearm, or any combination of those acts, or aided and abetted the use,

carrying or possession of a firearm by another.

Second, that the defendants used or carried the firearm, or aided and abetted the use and

carrying of the firearm, during and in relation to the specified crime or violence, or that the

defendants possessed a firearm in furtherance of the specified crime of violence.

Third, that the defendants caused the death of a person through the use of a firearm;

Fourth, that the death of that person qualifies as a murder, as I will define that term for

you in a moment; and

Fifth, that the defendants acted knowingly and willfully.


Adapted from charge of Judge Lewis A. Kaplan in United States v.
Jeffrey Otis Redden, 02 Cr. 1141.

REQUEST NO. 29: First Element - "Using," "Carrying," or "Possessing"
Count Four: Murder Through The Use of a Firearm

The first element the Government must prove beyond a reasonable doubt on Count Four is that on or about the date set forth in the Indictment, the defendants used, carried, or possessed a firearm or aided and abetted the use, carrying, or possession of a firearm.

Firearm

A firearm under the statute means "any weapon . . . which will or is designed to or may readily be converted to expel a projectile by the action of an explosive."  In considering the specific element of whether the defendants used or carried or possessed a firearm, it does not matter whether the firearm was loaded or operable at the time of the crime.  Operability is not relevant to your determination of whether a weapon qualifies as a firearm.  I instruct you that a gun is a firearm.

"Use"

In order to prove that the defendant used the firearm, the Government must prove beyond a reasonable doubt an active employment of the firearm by the defendants during and in relation to the commission of the drug trafficking crime.  This does not mean that the defendants must actually fire or attempt to fire the weapon, although those would obviously constitute use of the weapon.  Brandishing, displaying, or even referring to the weapon so that others present knew that the defendant had the firearm available if needed all constitute use of the firearm.  The mere possession of a firearm at or near the site of the crime without active employment as I just described it is not, however, sufficient to constitute use of the firearm.

"Carry"

In order to prove that the defendant carried the firearm, the Government must prove beyond a reasonable doubt that the defendants had the weapon within his control so that it was

47

available in such a way that it furthered the commission of the crime.  The defendants need not have held the firearm physically, that is have had actual possession of it on his person.  If you find that the defendants had dominion and control over the place where the firearm was located, and had the power and intention to exercise control over the firearm, and that the firearm was immediately available to him in such a way that it furthered the commission of the drug trafficking crime, you may find that the Government has proven that the defendants carried the weapon.

<u>"Possess"</u>

I previously have instructed you on the meaning of "possession," and you should follow those instructions here.  To reiterate, neither actual physical custody nor ownership is required to show that a person possesses an object.

Possession of a firearm in furtherance of a drug trafficking crime requires that the defendant possess a firearm and that the possession advance or move forward the crime.  The mere presence of a firearm is not enough.  Possession in furtherance requires that the possession be incident to and an essential part of the crime.  The firearm must have played some part in furthering the crime in order for this element to be satisfied.

The defendants are also charged in Count Four pursuant to an aiding and abetting theory of liability; accordingly, it would be sufficient for this element if the defendants aided and abetted another person in the use, carrying, or possession of a firearm.  I will shortly explain to you the concept of aiding and abetting.  As of now, please keep in mind that in order to convict the defendants of aiding and abetting another's use, carrying of, or possession of a firearm, you must find that the defendants performed some act that facilitated or encouraged the actual using, carrying of, or possession of the firearm in relation to the underlying crime.

48

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 35-80 (1999) and from the charge of the Judge Lewis A. Kaplan in <u>United</u> <u>States</u> v. <u>Jeffrey Otis Redden</u>, 02 Cr. 1141, and from the charge of Judge Denise Cote in <u>United States</u> v. <u>Joel Lopez</u>, 03 Cr. 1102 (DLC).

<u>REQUEST NO. 30: Second Element - During And In Relation To A Crime Of Violence</u>
Count Four: Murder Through The Use of a Firearm

The second element that the prosecution must prove beyond a reasonable doubt is that the defendants used or carried a firearm during and in relation to a crime of violence, or possessed a firearm in furtherance of such a crime.

"In relation to" means that the firearm must have had some purpose, role, or effect with respect to the crime of violence.

The possession of a firearm "in furtherance of a crime of violence requires that the defendants possessed a firearm and that it advanced or moved forward the crime.  The mere presence of a firearm is not enough.  The possession in furtherance requires that the use, carrying, or possession was incident to and an essential part of the crime.  The firearm must have played some part in furthering the crime in order for this element to be satisfied.

I instruct you that the robbery conspiracy alleged in Count One of the Indictment qualifies under the law as a crime of violence for which RAYMOND CHRISTIAN and GLENN THOMAS may be prosecuted in a court of the United States.  I additionally instruct you that the attempted robbery charged in Count Two of the Indictment qualifies under the law as a crime of violence for which RAYMOND CHRISTIAN, TYRELL WHITAKER, and GLENN THOMAS may be prosecuted in a court of the United States.

Adapted from the charge of the Honorable Richard J. Sullivan in <u>United States</u> v. <u>Hussain</u>, 12 Cr. 45 (RJS) (S.D.N.Y. 2013).

<u>REQUEST NO. 31: Third Element - "Caused the Death of a Person"</u>
Count Four: Murder Through The Use of a Firearm

As to the third element – whether the defendants' conduct caused the death of the victim – the defendants' conduct may be found to cause the death of another individual if it had such an effect in producing that individual's death as to lead a reasonable person to regard the defendants' conduct as a cause of death. The death of a person may have one or more than one cause. You need not find that a defendant shot the victim or that he committed the final, fatal act. The Government need only prove that the conduct of the defendants was a substantial factor in causing the victim's death.

Adapted from the charge of Judge Barbara Jones in <u>United States</u> v. <u>Larry Williams</u>, 02 Cr. 1372 (BSJ), and Judge Denny Chin in <u>United States</u> v. <u>Gomez</u>, S3 99 Cr. 1048 (DC). <u>See also</u> Sand, <u>Modern Jury Instructions</u>, Instr. 30-6.

<u>REQUEST NO. 32: Fourth Element - Definition of Murder Under Section 1111</u>
Count Four: Murder Through The Use of a Firearm

The fourth element of Count Four that the Government must prove beyond a reasonable doubt is that the death of the person qualifies as a murder.  In considering Count Four, you should apply the following definition of murder, which comes from Section 1111 of the Federal Criminal Code:  "Murder is the unlawful killing of a human being, with malice aforethought. Every murder perpetrated by poison, lying in wait, or any other kind of willful, deliberate, malicious, and premeditated killing; or committed in the perpetration of, or attempt to perpetrate, [certain crimes including] robbery … [qualifies as murder]."

In this case, the Government is proceeding on the last theory of murder – which is also known as "felony murder" – that is, that the killing took place while the defendants were perpetrating, or attempting to perpetrate, the robbery on December 15, 2010.  To be guilty of "felony murder," CHRISTIAN, THOMAS, and WHITAKER do not have to have set out to commit a murder.  It is enough if you determine that the defendants set out to commit the robbery and that the death of the victim occurred during the course of that robbery.

Adapted from the charge of the Honorable Richard J. Sullivan in <u>United States</u> v. <u>Hussain</u>, 12 Cr. 45 (RJS) (S.D.N.Y. 2013).

REQUEST NO. 33: Fifth Element -  "Willfully," And "Knowingly"
Count Four: Murder Through The Use of a Firearm

The final element the Government must prove beyond a reasonable doubt regarding

Count Four is that the defendants acted willfully and knowingly.  I have previously defined those

terms for you and you should apply those instructions here.

Adapted from charge of Judge Lewis A. Kaplan in United States v.
Jeffrey Otis Redden, 02 Cr. 1141.

REQUEST NO. 34: General Instructions
Counts Five And Six:  Possession of Firearm During And In Relation To A Drug Trafficking
Crime and a Crime of Violence

I now want to turn to the firearms offenses charged in the Indictment.

Counts Five and Six allege violations of Section 924(c) of the Federal Criminal Code.

That provision makes it a crime for any person, "during and in relation to any crime of violence

or drug trafficking crime . . . [to] use[] or carr[y] a firearm," or, "in furtherance of any such

crime, [to] possess[] a firearm."

Count Five is a firearms count connected to the crimes of violence, namely, the robbery

conspiracy or the robbery charged in Counts One and Two, and it charges RAYMOND

CHRISTIAN, TYRELL WHITAKER, and GLENN THOMAS as follows:

[The Court is respectfully requested to read Count Five]

You just heard that Count Five, by its terms, is connected to Counts One and Two in the

Indictment.  This means that you cannot consider Count Five unless you first determine that the

defendant in question is guilty of either or both the robbery conspiracy charged in Count One or

the robbery charged in Count Two.

Count Six is a firearms count connected to the narcotics conspiracy charged in Count

Three of this Indictment, and it charges RAYMOND CHRISTIAN, TYRELL WHITAKER, and

GLENN THOMAS as follows:

[The Court is respectfully requested to read Count Six]

You just heard that Count Six, by its terms, is connected to Count Three in the

Indictment.  This means that with respect to RAYMOND CHRISTIAN and GLENN THOMAS,

you should not consider Count Six unless you first determine that the defendant in question is

guilty of Count Three.  I will note that with respect to TYRELL WHITAKER, he is not charged

54

in Count Three for legal reasons that are not of any concern to you.  In determining whether WHITAKER is guilty of Count Six, however, you must still consider and determine whether WHITAKER participated in the narcotics conspiracy charged in Count Three, applying the instructions I previously gave you about Count Three as part of determining whether he is guilty on Count Six.

<u>REQUEST NO. 35: Elements of the Offense</u>

Counts Five and Six: Possession of Firearm During and in Relation
to a Drug Trafficking Crime and a Crime of Violence

In order to convict the defendants you are considering of the firearms count you are considering, the Government must prove the following elements beyond a reasonable doubt:

<u>First</u>, that on or about the dates alleged the Indictment, the charged defendants used or carried or possessed a firearm, or any combination of those acts, or aided and abetted the use, carrying or possession of a firearm by another.

<u>Second</u>, that the defendants used or carried the firearm, or aided and abetted the use and carrying of the firearm, during and in relation to the specified crime or violence or the specified drug trafficking crime, or that the defendants possessed a firearm in furtherance of the specified crime of violence or specified drug trafficking.

<u>Third</u>, that the defendants acted willfully and knowingly.

> Adapted from charge of the Honorable Lewis A. Kaplan in <u>United States</u> v. <u>Jeffrey Otis Redden</u>, 02 Cr. 1141 (S.D.N.Y. July 27, 2004). <u>See also</u> Sand et al., <u>Modern Federal Jury Instructions</u>, Instr. 35-78.

<u>REQUEST NO. 36: First Element - "Using," "Carrying," or "Possessing"</u>

Counts Five and Six: Possession of Firearm During and in Relation
to a Drug Trafficking Crime and a Crime of Violence

The first element the Government must prove beyond a reasonable doubt is that on or about the dates set forth in the Indictment, the defendants you are considering used, carried, or possessed a firearm.  Although I have already instructed you as to the elements and definitions applicable here, I repeat them here for the sake of clarity.

(1) <u>"Firearm" Defined</u>

I have already explained the definition of a "firearm" to you, and you should follow my previous instructions on this point.

(2) <u>"Use" Defined</u>

I have already explained the definition of "use" to you, and you should follow my previous instructions on this point.

(3) <u>"Carry" Defined</u>

I have already explained the definition of a "carry" to you, and you should follow my previous instructions on this point.

(4) <u>"Possession" Defined</u>

I have already explained the definition of "possession" to, and you should follow my previous instructions on this point.

I remind you that each charged defendant is also charged with aiding and abetting in the firearm count in which he or she is charged; accordingly, it would be sufficient for this element if the defendant you are considering aided and abetted another person in the use, carrying, and possession of a firearm, as I earlier defined those terms for you.  I do want, however, to give you an additional instruction that applies to aiding and abetting the use, carrying of, or the possession

57

of a firearm.  In order to convict the defendant you are considering of aiding and abetting another's use, carrying of, or possession of a firearm, it is not enough to find that the defendant performed an act to facilitate or encourage the commission of the underlying drug trafficking crime with only the knowledge that a firearm would be used or carried in the commission of that crime.  Instead, you must find that the defendant performed some act that facilitated or encouraged the actual using, carrying of, or possession of the firearm in relation to the underlying crime.

For example, if you find that the defendant directed another person to use, carry, or possess a gun in the commission of the underlying crime, or made such a gun available to the other person, then the defendant aided and abetted the other person's use of the firearm.  Or, if you find that the defendant was present at the scene during the commission of the underlying drug trafficking crime, you may consider whether that defendant's conduct at the scene facilitated or promoted the carrying of a gun and thereby aided and abetted the other person's carrying of the firearm.  These examples are offered only by way of illustration and are not meant to be exhaustive.

> Adapted from the charge of Judge Cathy Seibel in United States v. Young, 09 Cr. 274 (CS) (S.D.N.Y. 2011).  Also adapted from Sand, Modern Federal Jury Instructions, Instr. 35-80 (1999) and from the charge of the Judge Lewis A. Kaplan in United States v. Jeffrey Otis Redden, 02 Cr. 1141, and from the charge of Judge Denise Cote in United States v. Joel Lopez, 03 Cr. 1102 (DLC).  On aiding and abetting, see United States v. Medina, 32 F.3d 40, 45-46 (2d Cir. 1994).

<u>REQUEST NO. 37: Second Element - During And In Relation To A Drug Trafficking Crime or a Crime of Violence</u>

Counts Five and Six: Possession of Firearm During and in Relation
to a Drug Trafficking Crime and a Crime of Violence

The second element that the Government must prove beyond a reasonable doubt with respect to Counts Five and Six is that the defendants used or carried a firearm during and in relation to either (a) a crime of violence, or possessed a firearm in furtherance of such crimes as charged in Count Five, or (b) a drug trafficking crime, or possessed a firearm in furtherance of such crimes as charged in Count Six.

With respect to Count Five, the Government must prove beyond a reasonable doubt that the defendant you are considering used or carried a firearm during and in relation to a crime of violence, or possessed a firearm in furtherance of such crimes.  With respect to Count Six, the Government must prove beyond a reasonable doubt that the defendant you are considering used or carried a firearm during and in relation to a drug trafficking crime, or possessed a firearm in furtherance of such crimes.  Possession in furtherance, as I indicated, requires that the possession be incident to and an essential part of the crime.  The firearm must have played some part in furthering the crime in order for this element to be satisfied.

I instruct you that the crimes charged in Count One, the robbery conspiracy charge, and Count Two, the attempted robbery charge, qualify as crimes of violence.  I further instruct you that the narcotics conspiracy alleged in Count Three qualifies as a drug trafficking crime.

> Adapted from the charge of Judge Cathy Seibel in <u>United States v. Young</u>, 09 Cr. 274 (CS)(S.D.N.Y. 2011), and from the charge of Judge Lewis A. Kaplan in <u>United States</u> v. <u>Jeffrey Otis Redden</u>, 02 Cr. 1141, and the charge of Judge Denise Cote in <u>United States</u> v. <u>Joel Lopez</u>, 03 Cr. 1102 (DLC).

REQUEST NO. 38: Third Element – "Willfully" and "Knowingly"

Counts Five and Six: Possession of Firearm During and in Relation
to a Drug Trafficking Crime and a Crime of Violence

The final element the Government must prove beyond a reasonable doubt on the

firearms count is that the defendants you are considering acted willfully and knowingly.


Adapted from charge of Judge Lewis A. Kaplan in United States v.
Jeffrey Otis Redden, 02 Cr. 1141.  Adapted from Sand, Modern
Federal Jury Instructions, Instr. 35-80.

REQUEST NO. 39: Special Interrogatory

Counts Five and Six:  Possession of Firearm During and in Relation
to a Crime of Violence and a Drug Trafficking Crime

If, and only if, you find a defendant "Guilty" of one of the enumerated firearms counts I just explained to you, then you must determine special findings for that defendant on that count. Specifically, you must determine whether during a defendant's use, carrying, or possession of the firearm, he brandished or discharged that firearm, or aided and abetted the same, or whether he did not. You will be provided with a verdict form that will include spaces for you to indicate your determinations with respect to these issues.

Brandish means that all or part of the weapon was displayed, or the presence of the weapon was otherwise made known to another person, to intimidate that person, regardless of whether the weapon was directly visible to that person. The weapon does not have to be directly visible, but it must be present.

Discharge means to fire or shoot.

Your finding as to brandishing or discharging must be beyond a reasonable doubt. In addition, it must be unanimous in that all of you must agree that the firearm was brandished or discharged.

Thus, for example, if all of you agree that a defendant discharged the firearm during the crime, you should indicate "Yes" to that question on the verdict sheet.  And if you also believe that a defendant brandished the firearm during the crime, you should indicate "Yes" to that question as well. If, however, some jurors conclude that the defendant brandished the firearm and the rest of the jurors conclude that he discharged it, you should indicate "No" on both questions because your finding on each determination would not be unanimous.

61

Adapted from the jury charge in <u>United States</u> v. <u>Meregildo, et al</u>.,
11 Cr. 576 (WHP).

<u>REQUEST NO. 40: Aiding and Abetting</u>
Additional Charges

I want to now instruct you on the concept of aiding and abetting, which you have heard me refer to earlier in my instructions.

<u>Federal Law</u>

In connection with the charges contained in Counts Two, Four, Five and Six of the Indictment, the defendants are charged with committing certain criminal acts, and also with aiding and abetting the commission of these acts, in violation of Title 18, United States Code, Section 2.  As to each of those crimes, the defendant you are considering can be convicted <u>either</u> if he committed the crime himself <u>or</u> if he aided and abetted the commission of the crime by one or more people.  It is not necessary for the Government to show that the defendant himself physically committed a crime in order for you to find him guilty.  If you do not find beyond a reasonable doubt that the defendant physically committed a crime, you may, under certain circumstances, still find him guilty of the crime as an aider and abettor.

A person who aids and abets another to commit an offense is just as guilty of that offense as if he had committed it himself.  Therefore, if you find that the Government has proven beyond a reasonable doubt that another person actually committed a crime, and that the defendant you are considering aided and abetted that person in the commission of the offense, then you may find the defendant guilty of that crime.

As you can see, the first requirement is that another person has committed the crime charged.  Obviously, no one can be convicted of aiding and abetting the criminal acts of another if no crime was committed by the other person.  But if you do find that a crime was committed, then you must consider whether the defendant aided or abetted the commission of the crime.

63

In order to aid and abet another to commit a crime, it is necessary that the defendant you are considering willfully and knowingly associated himself in some way with the crime, and that he willfully and knowingly sought by some act to help make the crime succeed.

To determine whether the defendant aided and abetted the commission of the crime with which he is charged, ask yourself these questions:

-   Did he participate in the crime charged as something he wished to bring about?

-   Did he associate himself with the criminal venture knowingly and willfully?

-   Did he seek by his actions to make the criminal venture succeed?

If he did, then the defendant is an aider and abettor, and therefore guilty of the offense.  If he did not, then the defendant is not an aider and abettor, and is not guilty of the offense.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instrs. 11-1 and 11-2.

REQUEST NO. 41: Venue
Additional Charges

In addition to all of the elements I have described for you on each of the counts, you must decide whether any act in furtherance of the crime charged in each count occurred within the Southern District of New York.  I instruct you that the Southern District of New York includes Orange County, as well as all of Manhattan and all of the Bronx, Westchester, Putnam, Dutchess, Rockland, and Sullivan Counties.

I note that on the issue of venue and on this issue alone, the Government need not offer proof beyond a reasonable doubt, and that it is sufficient if the Government proves venue by a mere preponderance of the evidence.  Thus, the Government has satisfied its venue obligations if you conclude that it is more likely than not that any act in furtherance of the crime you are considering occurred within the Southern District of New York.

Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL).

REQUEST NO. 42: Stipulations
Additional Charges

In this case you have heard evidence in the form of stipulations.

A stipulation of testimony is an agreement among the parties that, if called, a witness would have given certain testimony.  You must accept as true the fact that the witness would have given the testimony.  However, it is for you to determine the effect to be given that testimony.

You have also heard evidence in the form of stipulations that contain facts that were agreed to be true.  In such cases, you must accept those facts as true.

Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL), and from Judge Michael B. Mukasey in United States v. Miguel Alejandro Urena-Fana, S1 98 Cr. 1317 (MBM).

REQUEST NO. 43: Particular Investigative Techniques Not Required
[If applicable]

Additional Charges

You have heard reference, in the arguments and cross-examination of defense counsel in this case to the fact that certain investigative techniques were not used by the Government. There is no legal requirement, however, that the Government prove its case through any particular means.  While you are to carefully consider the evidence adduced by the Government, you are not to speculate as to why they used the techniques they did or why they did not use other techniques.  The Government is not on trial.  Law enforcement techniques are not your concern.  Your concern is to determine whether, on the evidence or lack of evidence, each defendant's guilt has been proven beyond a reasonable doubt.


Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL).

REQUEST NO. 44: Uncalled Witnesses – Equally Available To Both Sides
[If applicable]

Additional Charges

There are people whose names you heard during the course of the trial but did not appear to testify.  One or more of the attorneys has referred to their absence from the trial.  I instruct you that each party had an equal opportunity or lack of opportunity to call any of these witnesses.  Therefore, you should not draw any inferences or reach any conclusions as to what they would have testified to had they been called.  Their absence should not affect your judgment in any way.

You should remember my instruction, however, that the law does not impose on a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 6-7.

<u>REQUEST NO. 45: Expert Testimony</u>
Additional Charges

You have heard testimony from what we call expert witnesses. Expert witnesses are witnesses who, by education or experience, have acquired learning in a science or a specialized area of knowledge.  Such witnesses are permitted to give their opinions as to relevant matters in which they profess to be experts and give their reasons for their opinions.  Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

Your role in judging credibility applies to experts as well as to other witnesses.  You should consider the expert opinions that were received in evidence in this case and give them as much or as little weight as you think they deserve.  If you should decide that the opinion of an expert was not based on sufficient education, experience, or data, or if you should conclude that the trustworthiness or credibility of an expert is questionable for any reason, or if the opinion of the expert was outweighed, in your judgment, by other evidence in the case, then you might disregard the opinion of the expert entirely or in part.

On the other hand, if you find the opinion of an expert is based on sufficient data, education, and experience, and the other evidence does not give you reason to doubt his or her conclusions, you would be justified in placing great reliance on the expert's testimony.

> Adapted from the charges of Judge Gerard E. Lynch in <u>United States</u> v. <u>Frank Summa</u>, 02 Cr. 101 (GEL), and from Judge John F. Keenan in <u>United States</u> v. <u>David Rosario</u>, 96 Cr. 126 (JFK); and from Judge Michael B. Mukasey in <u>United States</u> v. <u>Mensah</u>, 91 Cr. 705 (MBM) (S.D.N.Y. 1991).

69

<u>REQUEST NO. 46: Accomplice or Cooperating Witness Testimony</u>
Additional Charges

You have heard several witnesses who testified that they were actually involved in planning and carrying out certain of the crimes charged in the Indictment. There has been a great deal said about these so-called accomplice or cooperating witnesses in the summations of counsel and about whether you should believe them.

Experience will tell you that the Government frequently must rely on the testimony of witnesses who admit participating in the alleged crimes at issue. The Government must take its witnesses as it finds them and frequently must use such testimony in a criminal prosecution, because otherwise it would be difficult or impossible to detect and prosecute wrongdoers.

You may properly consider the testimony of such accomplices. If accomplices could not be used, there would be many cases in which there was real guilt and conviction should be had, but in which convictions would be unobtainable.

Indeed, it is the law in federal courts that the testimony of a single accomplice witness may be enough in itself for conviction, if the jury believes that the testimony establishes guilt beyond a reasonable doubt.

However, because of the possible interest an accomplice may have in testifying, an accomplice's testimony should be scrutinized with special care and caution. The fact that a witness is an accomplice can be considered by you as bearing upon his or her credibility. It does not follow, however, that simply because a person has admitted participating in one or more crimes, that he or she is incapable of giving a truthful version of what happened.

Like the testimony of any other witness, accomplice witness testimony should be given such weight as it deserves in light of the facts and circumstances before you, taking into account the witness's demeanor and candor, the strength and accuracy of his or her recollection, his

70

background, and the extent to which the testimony is or is not corroborated by other evidence in the case.

You may consider whether an accomplice witness – like any other witness called in this case – has an interest in the outcome of the case, and if so, whether it has affected his or her testimony.

You heard testimony about various agreements between the Government and the witnesses.  I caution you that it is no concern of yours why the Government made an agreement with a witness.  Your sole concern is whether a witness has given truthful testimony here in this courtroom before you.

In evaluating the testimony of accomplice witnesses, you should ask yourselves whether these accomplices would benefit more by lying, or by telling the truth.  Was their testimony made up in any way because they believed or hoped that they would somehow receive favorable treatment by testifying falsely?  Or did they believe that their interests would be best served by testifying truthfully?  If you believe that the witness was motivated by hopes of personal gain, was the motivation one that would cause him to lie, or was it one that would cause him to tell the truth?  Did this motivation color his testimony?

If you find that the testimony was false, you should reject it.  However, if, after a cautious and careful examination of an accomplice witness's testimony and demeanor on the witness stand, you are satisfied that the witness told the truth, you should accept it as credible and act upon it accordingly.

As with any witness, let me emphasize that the issue of credibility need not be decided in an all-or-nothing fashion.  Even if you find that a witness testified falsely in one part, you still

71

may accept his or her testimony in other parts, or you may disregard all of it.  That is a

determination entirely for you.


Adapted from the charge of Judge Gerard E. Lynch in <u>United States</u> v. <u>Michael Jones</u>, 02 Cr. 674 (GEL). <u>See</u> <u>also</u> Sand, <u>Modern Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 7-5.

<u>REQUEST NO. 47: Accomplice Testimony – Guilty Plea</u>
Additional Charges

You have heard testimony from Government witnesses who have pleaded guilty to

charges arising out of the same facts that are at issue in this case.  You are instructed that you are

to draw no conclusions or inferences of any kind about the guilt of the defendants on trial from

the fact that one or more prosecution witnesses pleaded guilty to similar charges.  The decision

of those witnesses to plead guilty was a personal decision those witnesses made about their own

guilt.  It may not be used by you in any way as evidence against or unfavorable to the defendants

on trial here.


Adapted from Sand, <u>Modern</u> <u>Federal</u> <u>Jury</u> <u>Instructions</u>, Instr. 7-
110.  <u>See</u> <u>United</u> <u>States</u> v. <u>Ramirez</u>, 973 F.2d 102, 104-06 (2d Cir.
1992) (specifically approving charge and holding that it is
reversible error not to give charge if requested, unless there is no
significant prejudice to defendant).

REQUEST NO. 48: Defendant's Testimony
[If any defendant testifies]

Additional Charges


As you saw, defendant _____ took the witness stand and testified.  I have already instructed you on how you should evaluate the credibility of the witnesses you have heard in this case.  You should evaluate the defendant's testimony the same way that you judge the testimony of the other witnesses in this case.


United States v. Gaines, 457 F.3d 238, 240 (2d Cir. 2006) ("[W]e find error in the instruction that the defendant's interest in the outcome of the case created a motive to testify falsely, and we prohibit the use of such instructions in future trials.  We also express our disapproval of instructions that highlight a testifying defendant's deep personal interest in the outcome of a trial.  We recommend that a witness's interest in the outcome of the case be addressed in the court's general charge concerning witness credibility; if the defendant has testified, the trial court should tell the jury to evaluate the defendant's testimony in the same way it judges the testimony of other witnesses.")

REQUEST NO. 49: Defendant's Right Not To Testify
[If requested by the defense]

Additional Charges

The defendants did not testify in this case.  Under our Constitution, a defendant has no obligation to testify or to present any evidence, because it is the Government's burden to prove the defendant guilty beyond a reasonable doubt.  That burden remains with the Government throughout the entire trial and never shifts to a defendant.  A defendant is never required to prove that he is innocent.

You may not attach any significance to the fact that a defendant did not testify.  No adverse inference against a defendant may be drawn by you because he did not take the witness stand.  You may not consider this against a defendant in any way in your deliberations in the jury room.


Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-21, and from the charge of Judge Gerard E. Lynch in United States v. Edwin Diaz, 99 Cr. 1193 (GEL).

REQUEST NO. 50: Preparation of Witnesses

Additional Charges

You have heard evidence during the trial that witnesses have discussed the facts of the case and their testimony with the lawyers before the witnesses appeared in court.

Although you may consider that fact when you are evaluating a witness's credibility, I should tell you that there is nothing either unusual or improper about a witness meeting with lawyers before testifying so that the witness can be aware of the subjects he will be questioned about, focus on those subjects, and have the opportunity to review relevant exhibits before being questioned about them.  Such consultation helps conserve your time and the Court's time.  In fact, it would be unusual for a lawyer to call a witness without such consultations.

Again, the weight you give to the fact or the nature of the witness's preparation for his or her testimony and what inferences you draw from such preparation are matters completely within your discretion.

Adapted from the charge of Judge Gerard E. Lynch in United States v. Tony Roberts, 02 Cr. 710 (GEL).

<u>REQUEST NO. 51: Use Of Informants</u>
Additional Charges

There has been testimony before you about the use of informants.  Informants are frequently used by the Government to obtain leads and to gain introduction to people suspected of violating the law.  There are certain types of crimes where, without the use of informants, detection would be extremely difficult.  Because this law enforcement technique is entirely lawful, your personal view on its use -- whether you approve or disapprove -- is beside the point and must not affect your evaluation of the evidence in the case.

Let me put it another way.  If you are satisfied beyond a reasonable doubt that the defendant you are considering committed the charged offense that you are considering, you should find him guilty even though you believe that his apprehension came about in some measure by the Government's use of informants.

Adapted from the charge of Judge John F. Keenan in <u>United States</u> v. <u>Carrero</u>, 91 Cr. 365 (S.D.N.Y. 1991), and from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 5-23.

REQUEST NO. 52: <u>Use Of Evidence Obtained Pursuant To Searches</u>
Additional Charges

You have heard testimony about evidence seized in various searches, including the search of [insert places or objects searched about which there was testimony], and searches at the time of arrest.

Evidence obtained from those searches was properly admitted in this case, and may be properly considered by you.   Indeed, such searches are entirely appropriate law enforcement actions.  Whether you approve or disapprove of how the evidence was obtained should not enter into your deliberations, because I instruct you that the Government's use of the evidence is entirely lawful.

You must, therefore, regardless of your personal opinions, give this evidence full consideration along with all the other evidence in the case in determining whether the Government has proven each defendant's guilt beyond a reasonable doubt.

Adapted from the charge of Judge Lewis A. Kaplan in <u>United States</u> v. <u>Otis Parkes</u>, 03 Cr. 1364 (LAK).

<u>REQUEST NO. 53: Law Enforcement Witnesses</u>
Additional Charges

You have heard the testimony of law enforcement witnesses.  The fact that a witness may be employed as a law enforcement official or employee does not mean that his or her testimony is necessarily deserving of more or less consideration or greater or lesser weight than that of an ordinary witness.

In this context, defense counsel is allowed to try to attack the credibility of such a witness on the ground that his or her testimony may be colored by a personal or professional interest in the outcome of the case.

It is your decision, after reviewing all the evidence, whether to accept the testimony of the law enforcement witness or witnesses, as it is with every other type of witness, and to give to that testimony the weight you find it deserves.

Adapted from Sand, <u>Modern Federal Jury Instructions</u>, Instr. 7-16,
and from the charge of Judge Gerard E. Lynch in <u>United States</u> v.
<u>Keith Robinson</u>, 02 Cr. 1283 (GEL).

<u>REQUEST NO. 54: Use of Recordings</u>
Additional Charges

Audio and video recordings of various telephone conversations and meetings, and

transcripts of those recordings, have been admitted into evidence.  You were also provided with

English transcripts as an aid, but it is the recordings that are the evidence.  Whether you approve

or disapprove of the recording or interception of those conversations may not enter your

deliberations.  I instruct you that these recordings were made in a lawful manner and that no

one's rights were violated, and that the Government's use of this evidence is entirely lawful and

it was properly admitted into evidence at this trial.

You must, therefore, regardless of any personal opinions, give this evidence full

consideration along with all the other evidence in the case in determining whether the

Government has proved beyond a reasonable doubt the guilt of the defendants.

If you wish to hear any of the tapes again, or see any of the transcripts of those

recordings, they will be made available to you during your deliberations.

> Adapted from the charge of Judge Seibel in <u>United States v.</u>
> <u>Young</u>, 09 Cr. 274 (CS) (S.D.N.Y. 2011), and of Judge Pierre N.
> Leval in <u>United States</u> v. <u>Mucciante</u>, 91 Cr. 403 (PNL) (S.D.N.Y.
> 1992), and of the Honorable John G. Koeltl in <u>United States</u> v.
> <u>Alvarado-Matriller</u>, 94 Cr. 723 (JGK) (S.D.N.Y. 1995).  <u>See</u>
> <u>United States</u> v. <u>Ulerio</u>, 859 F.2d 1144, 1145 (2d Cir. 1988) (not
> abuse of discretion to admit foreign language transcripts in
> evidence); <u>United States</u> v. <u>Vasquez</u>, 605 F.2d 1269, 1272 & n.4
> (2d Cir.) (proper to play Spanish language tapes and to provide
> translated transcripts to jury, with cautionary instruction that jury is
> ultimate factfinder), <u>cert</u>. <u>denied</u>, 444 U.S. 981 (1979); <u>United</u>
> <u>States</u> v. <u>Llinas</u>, 603 F.2d 506, 508-09 (5th Cir. 1979) (transcripts
> embody testimony of interpreter; proper to provide transcripts to
> jury because interpreter available to testify to accuracy), <u>cert</u>.
> <u>denied</u>, 444 U.S. 1079 (1980).

<u>REQUEST NO. 55: Redaction of Evidentiary Items</u>
[If applicable]

Additional Charges

We have, among the exhibits received in evidence, some documents that are redacted.

"Redacted" means that part of the document or tape was taken out.  You are to concern yourself

only with the part of the item that has been admitted into evidence.  You should not consider any

possible reason why the other part of it has been deleted.

<u>REQUEST NO. 56: Use of Charts and Tables</u>
[If applicable]

Additional Charges

Now, some of the exhibits were charts.  These charts were introduced basically as summaries.  They are not direct evidence really.  They are summaries of the evidence.  They are a visual representation of information or data as set forth either in the testimony of a witness or in a stipulation or in some documents.  They are admitted as aids to you.  They are not in and of themselves any evidence.  They are intended to be of assistance to you in your deliberations.

In presenting the evidence, which you have heard, it is often easier and more convenient to utilize summary charts than to place all of the relevant documents in front of you.  It is up to you to decide whether those charts fairly and correctly present the information in the testimony and the documents.  The charts are not to be considered by you as direct proof of anything.  They are merely graphic demonstrations of what the underlying testimony and documents are.

To the extent that the charts conform with what you determine the underlying evidence to be, you may accept them.  But one way or the other, realize that the charts are not in and of themselves direct evidence.  They are merely visual aids.  They are nothing more.

From the charge of Judge Gerard E. Lynch in <u>United States</u> v. <u>Frank Summa</u>, 02 Cr. 101 (GEL).

82

<u>REQUEST NO. 57: Character Witnesses</u>
Additional Charges

[If any defendant calls character witnesses]

During the trial, you heard testimony bearing on the character of defendant _____.

Character testimony should be considered together with all the other evidence in the case in determining the guilt or innocence of the defendant.  Evidence of good character may in itself create a reasonable doubt where, without such evidence, no reasonable doubt would have existed.  But if, on considering all the evidence, including the character evidence, you are satisfied beyond a reasonable doubt that the defendant is guilty, a showing that he previously enjoyed a reputation of good character does not justify or excuse the offense and you should not acquit the defendant merely because you believe he is a person of good repute.

The testimony of a character witness is not to be taken by you as the witness's opinion as to the guilt or innocence of a defendant.  The guilt or innocence of a defendant is for you alone to determine and that should be based on all the evidence you have heard in the case.

Adapted from <u>United States</u> v. <u>Fayette</u>, 388 F.2d 728, 737 (2d Cir. 1968) and the charge of Judge Robert J. Ward in <u>United States</u> v. <u>Thweatt</u>, 77 Cr. 553 (S.D.N.Y. Oct. 17, 1977)..  <u>See</u> <u>United States</u> v. <u>Kelly</u>, 349 F.2d 720, 765 (2d Cir.) <u>cert</u>. <u>denied</u>, 384 U.S. 947 (1966); <u>United States</u> v. <u>Kabot</u>, 295 F.2d 848, 855 n.1 (2d Cir. 1961).

83

REQUEST NO. 58: Similar Acts
[If Applicable]

Additional Charges

You have heard evidence that on an earlier occasion, defendant _____ engaged in conduct similar in nature to the conduct charged in the Indictment.  Let me remind you that the defendant only is on trial for committing the acts alleged in the Indictment.  Accordingly, you may not consider this evidence of similar acts as a substitute for proof that a defendant committed the crime charged.  Nor may you consider this evidence as proof that a defendant has a criminal personality or bad character.  This evidence was admitted for a more limited purpose, and you may consider it for that purpose only.

If you determine that the defendants committed the acts charged in the Indictment and the similar acts as well, then you may, but you need not, draw an inference that in doing the acts charged in the Indictment, the defendants acted knowingly and intentionally and not because of some mistake, accident, or other reasons.

Additionally, if you find that the defendants engaged in similar acts with other persons alleged to be members of the conspiracy charged in the Indictment, you may consider those acts in deciding whether the conspiracy existed.  If you find that the defendants engaged in the earlier acts, and if you find that the earlier acts had sufficiently similar characteristics to those charged in the Indictment, then you may, but you need not, infer that the acts charged in this Indictment and the earlier conduct were part of a common plan or scheme committed by the defendants you are considering.

Nevertheless, the evidence of similar conduct is to be considered by you only on the issues I have just mentioned, and not on any other issues.  You may not consider such evidence

84

for any other purpose.  Specifically, you may not consider it as evidence that the defendants you are considering is of bad character or has a propensity to commit crime.

Adapted from 3 Leonard B. Sand et al., Modern Federal Jury Instructions, Instr. 5-25, 5-26.

<u>REQUEST NO. 59: Persons Not On Trial</u>
Additional Charges

You may not draw any inference, favorable or unfavorable, towards the Government or any defendant from the fact that any person was not named as a defendant in this case, and you may not speculate as to the reasons why other people are not on trial before you now.  Those matters are wholly outside your concern and have no bearing on your function as jurors in deciding the case before you.

Adapted from the charge of Judge Lewis A. Kaplan in <u>United States</u> v. <u>Otis Parkes</u>, 03 Cr. 1364 (LAK).

<u>REQUEST NO. 60: Consciousness of Guilt from Evidence of False Exculpatory Statements</u>
[If applicable]

Additional Charges

You have heard some evidence in this case that the defendants made statements to law enforcement agents that the Government contends were false statements.  When a defendant voluntarily and intentionally offers an explanation intending to show his innocence, and that explanation is later shown to be false, you may consider whether that evidence points to a consciousness of guilt.  Ordinarily, it is reasonable to infer that a person who believes that he is innocent does not find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.  Whether or not evidence as to the defendant's voluntary explanation points to a consciousness of guilt, and the significance, if any, to be attached to such evidence, are matters exclusively within your province.

> The charge of the Honorable Laura Taylor Swain in <u>United States</u> v. <u>Ellis Williams Gomez</u>,  06 CR 571 (LTS) (S.D.N.Y. 2007); the Honorable Loretta A. Preska in <u>United States</u> v. <u>David E. Wexler</u>, 03 Cr. 1150 (LAP) (S.D.N.Y. 2005); the charge of the Honorable George B. Daniels in <u>United States</u> v. <u>Fiorentino Zambrano</u>, 04 Cr. 670 (GBD) (S.D.N.Y. 2005); see <u>United States</u> v. <u>Gaviria</u>, 740 F.2d 174, 184 (2d Cir. 1984) ("[F]alse exculpatory statements made to law enforcement officials are circumstantial evidence of a consciousness of guilt and have independent probative force") (quoting <u>United States</u> v. <u>Johnson</u>, 513 F.2d 819, 824 (2d Cir. 1975)).

REQUEST NO. 61: Transcripts of Tape Recordings
[If applicable]

Additional Charges

The government has been permitted to hand out typed documents that it prepared containing the government's interpretation of what appears on the tape recordings which have been received as evidence.  Those were given to you as an aid or guide to assist you in listening to the tapes. However, they are not in and of themselves evidence. Therefore, when the tapes were played I advised you to listen very carefully to the tapes themselves. You alone should make your own interpretation of what appears on the tapes based on what you heard. If you think you heard something differently than appeared on the transcript then what you heard is controlling.

Let me say again, you, the jury, are the sole judges of the facts.

Adapted from Sand, Modern Federal Jury Instructions, Instr. 5-9.

REQUEST NO. 62: Conclusion
Additional Charges

We have now reached the end of my substantive instructions on the law.  Before you begin to deliberate, I want to remind you that you must be guided solely by the evidence in the case.  The question you must ask yourselves as you consider and analyze the evidence is this: where do I find the truth?  The only triumph in any case is whether or not the truth has come out and been found.  If it has, then justice will have been done; if it has not, justice will not have been done.

You are to determine the guilt or lack of guilt of each defendant based solely upon the evidence and subject to the law as I have instructed you on that law, whether you agree or disagree with that law.

Your job is to decide whether the evidence established the guilt of the defendant on each of the crimes charged in the Indictment beyond a reasonable doubt.

The verdict must represent the considered judgment of each juror.  In order to return a verdict, it is necessary that each juror agree to it.  Your verdict must be unanimous.

It is your duty, as jurors, to consult with one another, and to deliberate with a view to reaching an agreement, if you can possibly do so without violence to individual judgment.  Each of you must decide the case for himself or herself, but do so only after an impartial discussion and consideration of all the evidence in the case with your fellow jurors.  In the course of your deliberations, do not hesitate to re-examine your own views, and change an opinion if convinced it is erroneous.  But do not surrender your honest conviction as to the weight or effect of evidence, solely because of the opinion of your fellow jurors.

Let me also remind you that you took an oath to decide this case impartially, fairly, without prejudice or sympathy, and without fear, solely based on the evidence in the case and the

applicable law.  Under your oath as jurors, you are not to be swayed by sympathy.  You are to be

guided solely by the evidence presented during the trial and the law as I have given it to you,

without regard to the consequences of your decision.

You have been chosen to try issues of fact and reach a verdict on the basis of the

evidence or lack of evidence.  If you let sympathy interfere with clear thinking, there is a risk

you will not come to a just result.  Both sides are entitled to a fair trial.  You are to make a fair

and impartial decision so that you come to a just verdict.

If you are divided, do <u>not</u> report how the vote stands, and if you have reached a verdict do

not report what it is until you are asked in open Court.

In conclusion, ladies and gentlemen, I am sure that if you listen to the views of your

fellow jurors and if you apply your own common sense you will reach a fair verdict here.

Adapted from charge of the Honorable John F. Keenan in <u>United
States</u> v. <u>Paa Smith</u>, 02 Cr. 104 (JFK) (S.D.N.Y. July 31, 2002);
and the charge of the Honorable Arnold Bauman in <u>United States</u>
v. <u>Soldaro</u>, 73 Cr. 167, Tr. at 2502-03 (S.D.N.Y. 1973).

[The Government respectfully requests that the Court close by instructing the jurors regarding the selection of a foreperson, communications with the Court during deliberations, provision of copies of the Indictment and jury charge, and the procedures regarding requests for particular exhibits or testimony.]

Dated:  New York, New York
         July 7, 2014

                              Respectfully submitted,

                              PREET BHARARA
                              United States Attorney
                              Southern District of New York


                     By:     /s/ Kan M. Nawaday & Andrew Bauer
                             Kan M. Nawaday / Andrew Bauer
                             Assistant United States Attorney
                             Tel: 212-637-2311 / 2354