**LAW OFFICES OF DON BUCHWALD**

101 PARK AVENUE - 27TH FLOOR
NEW YORK NY 10178

---

| TELEPHONE: | EMAIL: | FACSIMILE: |
|---|---|---|
| (212) 661-0040 | DONBUCHWALD@DONBUCHWALDLAW.COM | (212) 808-7897 |

July 18, 2014

Honorable Edgardo Ramos
United States District Judge
Thurgood Marshall United States Courthouse
40 Foley Square, Courtroom 619
New York, NY 10007

      Re:    *U.S. v. Christian, et al*, S3 12 Cr. 626 (ER);
              Our Client: Glenn Thomas, a/k/a Gucci

Dear Judge Ramos:

      This letter is respectfully submitted in opposition to the Government's proposed 404(b) evidence against our client Glenn Thomas (contained in ECF Document #126 at pages 29, 34-36). Insofar as Thomas is concerned, the Government's proposed evidence is of three types: (1) Thomas's sales of crack cocaine in October 2007 (3-1/2 years before the 12/15/2010 Henry homicide) to an undercover officer while he was allegedly associated with the Crips; (2) Thomas's alleged involvement in other unenumerated robberies of persons not named, on dates not specified, with accomplices not listed; and (3) Thomas's February 28, 2011 possession of an inoperable firearm as a prior felon, for which he previously pled guilty before Your Honor and received a 37-month sentence. This evidence, which does nothing but suggest *propensity*, should not be admissible in the Government's direct case.

      **The October 2007 Crack Sales**: The Government proposes to offer evidence that on four different days in October 2007 Glenn Thomas sold small amounts of crack cocaine, resulting in his subsequent arrest, guilty plea in Orange County Court to the Class B felony of Criminal Sale of a Controlled Substance on

LAW OFFICES OF DON BUCHWALD

Honorable Edgardo Ramos
July 17, 2014
Page Two

School Grounds, for which he was sentenced to two years imprisonment. The Government concedes that this took place outside the date range of the charged conspiracy here, in a different part of Newburgh and at a time when Thomas was not associated with any of his alleged co-conspirators in this case. Indeed, the Government concedes that in 2007 Thomas was associated with the Crips rather than the Bloods (as alleged in the 2010 time frame). The Government justifies its offer on the grounds that the evidence shows "opportunity" and is "inextricably intertwined with the evidence regarding the charged offense." This is – most respectfully – nonsense. Thomas was in jail for most of the time between the October 2007 sales and the December 2010 charged events. And Thomas's "opportunity" to commit December 2010 offenses was not increased or decreased one whit by his having sold crack in October 2007.

**Other Robberies**. The Govcernment alleges in its 404(b) notice that "the defendants committed armed robberies of narcotics dealers to obtain drugs and money." (Gv't Memo, p. 34). However, nowhere in either its 404(b) Notice nor, so far as we have been able to ascertain, in the 3500 material of cooperators furnished to us on Tuesday afternoon, does it specify anywhere such a robbery that Glenn Thomas is alleged to have participated in. Given the requirement of Notice for 404(b) – including notice of alleged witnesses of such events[1] – this naked allegation is simply insufficient and the Government should be precluded from adducing any such evidence.

**The February 2011 Gun Possession**. Once again, this gun possession, for which Thomas has already been prosecuted and punished, shows nothing other than propensity. There is no claim (and no proffered evidence) that this inoperable firearm was used in connection with the Henry homicide or any of the other charged crimes

**Disclaimer of Defenses**

So that it is unequivocally clear, with respect to all of the proffered 404(b) evidence against Glenn Thomas, the defense will make no claim that any

---

[1] *United States v. Baum*, 482 F.2d 1325, 1332 (2d Cir. 1973) (ordering a new trial where government failed to reveal the identity of witness that testified about alleged prior offenses committed by the defendant before trial)

NY01\DownL\2931682.1

## LAW OFFICES OF DON BUCHWALD

Honorable Edgardo Ramos
July 17, 2014
Page Three

alleged possession of drugs or firearms on his part was the result of mistake, accident or lack of knowledge.

## CONCLUSION

For the foregoing reasons, the Government should be precluded from introducing its proffered 404(b) evidence against defendant Glenn Thomas in its direct case.

Respectfully submitted,

*Don Buchwald* LGS

Don D. Buchwald

cc:   AUSA Kan Nawaday (w/o encls.) (via email)
      AUSA Andrew Bauer (w/o encls.) (via email)

NY01\DownL\2931682.1