UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  Plaintiff,

– *against* –

GLENN THOMAS,

                  Defendant.

**OPINION & ORDER**

12-cr-00626 (ER)

21-cv-03128 (ER)

RAMOS, D.J.:

On April 9, 2021, Glenn Thomas initially filed this *pro se* motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  Doc. 476.  He subsequently filed another motion to vacate on April 23, 2024, and amended that motion on May 17, 2024.  Docs. 558 and 565.  For the reasons set forth below, his motions are DENIED.

I.      **BACKGROUND**

On December 15, 2010, Thomas and several other individuals, armed with firearms, attempted to rob a narcotics stash house.  During the course of the robbery, an individual, Jeffrey Henry, was shot and killed.  Thomas was charged with the following six counts:  (1) conspiracy to commit Hobbs Act robbery; (2) Hobbs Act robbery and attempted Hobbes Act robbery; (3) conspiracy to distribute crack cocaine, heroin, and marijuana; (4) murder through use of a firearm during and in relation to the crimes of violence charged in Counts One and Two; (5) possessing, brandishing, and discharging a firearm, during and in relation to the crimes of violence charged in Counts One and Two; and (6) possessing firearms during and in relation to a drug trafficking crime.  A jury trial began on August 4, 2014.  During the trial, portions of a July 9, 2012 recorded conversation between Government witness Jamar Mallory and Kevin Burden (the "Burden Recordings") were admitted into evidence as statements against penal interest

pursuant to Federal Rule of Evidence ("FRE") 804(b)(3).  At the trial's conclusion on

August 22, 2014, Thomas was convicted on Counts One, Two, Four, and Five.

On March 19, 2021, the Court sentenced Thomas to a total of 204 months'

imprisonment, to be followed by five years of supervised release.  On March 23, 2021,

the Court denied Thomas' motion to set aside his conviction on Counts Four and Five

because it found that attempted Hobbs Act Robbery was a crime of violence.  Doc. 469.

On April 9, 2021, Thomas filed his initial *pro se* § 2255 motion.  Thomas, represented by

counsel, also timely appealed his conviction to the Second Circuit.  Among other points,

Thomas argued that (1) his conviction should be vacated because the Burden Recordings

were improperly admitted into evidence and (2) his conviction on Counts Four and Five

should be dismissed because an attempted Hobbs Act robbery is not a crime of violence.

*United States v. Whittaker*, No. 21-595, Doc. 143 at 20–50, 56–59.

While his appeal was pending, the Supreme Court decided *United States v. Taylor*,

596 U.S. 845 (2022), which held that attempted Hobbs Act robbery does not qualify as a

crime of violence.  Following *Taylor*, the Second Circuit vacated Thomas' convictions on

Counts Four and Five and remanded the case for resentencing.  Doc. 503.  On May 10,

2023, the Court resentenced Thomas to 168 months' imprisonment on Counts One and

Two, three years less than his original sentence.  On March 26, 2024, the Second Circuit

issued a summary order addressing the defendants' remaining arguments on appeal.  As

relevant here, the Circuit found that this Court did not abuse its discretion in admitting

the Burden Recordings at trial.  *United States v. Whitaker*, No. 21-595, 2024 WL

1266348, at *2–4 (2d Cir. Mar. 26, 2024).  Thomas then filed his second motion to vacate

on April 23, 2024, and amended that motion on May 17, 2024.

Thomas makes three principal arguments.  First, he argues that the Burden

Recordings should not have been admitted into evidence because they are hearsay, and

because he did not have the opportunity to cross-examine Burden.  Second, he contends

that there is no evidence of his guilt, that the witnesses against him at trial were not

credible, and that he is, in fact, innocent.  Finally, Thomas argues he was provided ineffective assistance of counsel on the basis of the delay in his sentencing and because of various disagreements with his counsel's litigation choices.

## II.    LEGAL STANDARD

### A.  28 U.S.C § 2255

Under 28 U.S.C. § 2255, a prisoner who was sentenced by a federal court can petition the sentencing court to be released if:  (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum sentence authorized by law; or (4) the sentence is subject to collateral attack.  28 U.S.C. § 2255(a).

Because collateral challenges are "in tension with society's strong interest in the finality of criminal convictions, the courts have established rules that make it more difficult for a defendant to upset a conviction by collateral, as opposed to direct, attack." *Yick Man Mui v. United States*, 614 F.3d 50, 53 (2d Cir. 2010) (internal quotation marks and citation omitted).  First, "the Supreme Court has long held that ... relief [through a collateral attack] is available only when the claimed error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice' and presents 'exceptional circumstances when the need for the remedy afforded by the writ of habeas corpus is apparent.'"  *Nnebe v. United States*, 534 F.3d 87, 90 (2d Cir. 2008) ((quoting *Hill v. United States*, 368 U.S. 424, 428 (1962)).

Second, "[i]t is well established that a § 2255 petition cannot be used to relitigate questions which were raised and considered on direct appeal."  *United States v. Pitcher*, 559 F.3d 120, 123 (2d Cir. 2009) (internal quotation marks and citations omitted).  This rule "prevents re-litigation in the district court not only of matters expressly decided by the appellate court, but also precludes re-litigation of issues impliedly resolved by the appellate court's mandate."  *Yick Man Mui*, 614 F.3d at 53 (citation omitted).

3

Third, in general, "claims not raised on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice." *Massaro v. United States*, 538 U.S. 500, 504 (2003); *see also Yick Man Mui*, 614 F.3d at 54. However, the claims of ineffective assistance of counsel "may appropriately be raised for the first time in a Section 2255 motion, 'whether or not the petitioner could have raised the claim on direct appeal.'" *Harrington v. United States*, 689 F.3d 124, 129 (2d Cir. 2012) (internal citations omitted).

### B.  Ineffective Assistance of Counsel

An ineffective assistance of counsel claim requires a criminal defendant to demonstrate (1) that his counsel's performance "fell below an objective standard of reasonableness," measured in accordance with "prevailing professional norms," such that he was "not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that counsel's "deficient performance prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687–88 (1984). When considering a claim for ineffective counsel, courts must endeavor to "eliminate the distorting effects of hindsight" and to "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*. at 689. The prejudice prong of the *Strickland* test requires a showing that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694.

### C.  *Pro Se* Plaintiff

Here, the Court notes that Thomas is proceeding *pro se*. "A *pro se* litigant's papers must be construed liberally 'to raise the strongest arguments they suggest.'" *Jules v. Andre Balazs Properties*, No. 20-cv-10500 (LGS), 2023 WL 5935626, at *2 (S.D.N.Y. Sept. 12, 2023) (quoting *Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022)). The obligation to be lenient while reading a *pro se* plaintiff's pleadings "applies with particular force when the plaintiff's civil rights are at issue." *Jackson v. N.Y.S. Dep't of Labor*, 709 F. Supp. 2d 218, 224 (S.D.N.Y. 2010) (citing *McEachin v. McGuinnis*, 357

F.3d 197, 200 (2d Cir. 2004)).  At the same time, "*pro se* status does not exempt a party from compliance with relevant rules of procedural and substantive law." *Id.* (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).

## III.    DISCUSSION

### 1.  *Most of Thomas' Arguments are Procedurally Barred*

Thomas first argues that the Burden Recordings should not have been admitted, both because they were hearsay, and because he did not have the opportunity to cross-examine Burden.  Both of these points were squarely at issue on appeal, where Thomas was represented by counsel.  Thomas' appellate brief argued that the district court erred in finding that the Burden Recordings were admissible.  *United States v. Whittaker*, No. 21-595, Doc. 143 at 20–50.  It also explicitly highlighted the Thomas' lack of opportunity to confront and cross-examine Burden.  *Id*. at 27, 49.  Notwithstanding these arguments, the Second Circuit held that the district court did not abuse its discretion in admitting the Burden Recordings.  *Whitaker*, No. 21-595, 2024 WL 1266348, at *4.  The Second Circuit also noted that, on appeal, the parties did not dispute that Burden invoked his Fifth Amendment right against self-incrimination and was therefore unavailable as a witness.  *Id.* at *2.  Accordingly, the Second Circuit expressly decided that Burden's statements were admissible at trial.  Accordingly, Thomas § 2255 petition cannot be used to relitigate these matters.  *See Yick Man Mui*, 614 F.3d at 53.

Second, Thomas' claims regarding his actual innocence, the lack of evidence at trial, and untrustworthiness of witnesses are also barred because he did not raise them on direct appeal despite having an opportunity to do so.  *Yick Man Mui*, 614 F.3d at 54, citing *Campino v. United States*, 968 F.2d 187, 190 (2d Cir. 1992).  Here, Thomas has not presented a cause for his earlier default or indicated that he has suffered any "actual prejudice" from the errors he challenges.  *Id.* at 189.  Thus, these claims are also barred from review pursuant to § 2255.

2. *Thomas' Ineffective Assistance of Counsel Claim Fails on the Merits*

Finally, Thomas argues he was provided ineffective assistance of counsel on two separate bases. First, Thomas points to the seven-year delay between his conviction in 2014 and his original sentencing in 2021. For the purposes of a § 2255 motion, the decisions of trial counsel are objectively unreasonable only if there is "no … tactical justification for the course taken." *Lynn v. Bliden*, 443 F.3d 238, 247 (2d Cir. 2006); *see also Strickland*, 466 U.S. at 589 (holding that petitioner must "overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy"). However, as the Court noted at Thomas' re-sentencing, the delay was caused by his prior counsel's belief that it was in Thomas' "best interests to put sentencing off because the law was, they hoped, going to change in a way that would benefit you[.]" Doc. 526 at 40:13–40:16.[1] In fact, the law did change, and directly led to the vacatur of Counts 4 and 5 and a three-year reduction in his sentence. Accordingly, the Court finds that counsel's choice to delay sentencing was not objectively unreasonable.

Second, Thomas alleges various disagreements with his prior counsel's litigation strategy, including the way certain evidence was presented, what information was included in briefing, and moving for "re-trial instead of … dismissal" in post-trial briefing. *See* Doc. 565 at 7, 9. None of these assertions demonstrate that the performance of Thomas' prior counsel was objectively unreasonable. Thus, the Court finds that the ineffective assistance of counsel claim fails on the merits.[2]

---

[1] Thomas also alleges that the delay in sentencing constitutes violation of his constitutional right to due process. Doc. 565 at 7. The Court finds this argument unpersuasive. "Even substantial delays in sentencing do not in all circumstances amount to a due process violation, especially when a defendant is unable to establish prejudice" that is "substantial and demonstrable." *United States v. Ray*, 578 F.3d 184, 199 (2d Cir. 2009). Here, Thomas' sentencing was delayed due to his own counsel's defense strategy. Moreover, Thomas has not alleged how he was prejudiced by the delay.

[2] Thomas also generally alleges prosecutorial and judicial misconduct, without providing any factual or legal bases for the allegations. These assertions are merely conclusory and therefore unable to sustain a § 2255 motion. *Haouari v. United States*, 510 F.3d 350, 354 (2d Cir. 2007).

**IV.    CONCLUSION**

For the foregoing reasons, Thomas' motions to vacate his sentence pursuant to 28 U.S.C. § 2255 are DENIED.  The Clerk of Court is respectfully directed to mail a copy of this order to Thomas and to terminate the motions, Docs. 476, 558 and 565, and to close the case, 21-cv-03128.

It is SO ORDERED.

Dated:    October 2, 2024
          New York, New York

_____
EDGARDO RAMOS, U.S.D.J.