UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                  Plaintiff,

          *-against-*

GLENN THOMAS,

                 Defendant.

**ORDER**

12-cr-626 (ER)

RAMOS, D.J.:

Glenn Thomas, who is proceeding *pro se*, filed a letter with the Court requesting an adjustment of the Bureau of Prisons's ("BOP's") computation of the time remaining on his sentence on January 21, 2025. Doc. 585. In the letter, Thomas alleges that the BOP incorrectly changed the date in its records that he began serving his term of imprisonment from September 19, 2012, to November 5, 2013, and thus improperly extended his projected date of release. *Id.* 1–2. The government responded to Thomas's letter on January 31, 2025. Doc. 589.

Because Thomas's letter "relates to computation of pre-trial detention credit and effectively challenges the BOP's execution of this Court's sentence," the Court construes the letter as a petition brought pursuant to 28 U.S.C. § 2241. *Carrenard v. United States*, No. 21-cr-0506 (ER), 2024 WL 4238704, at *2 (S.D.N.Y. Sept. 19, 2024) (quoting *United States v. Abernathy*, No. 21-cr-0323 (VM), 2023 WL 6977393, at *2 (S.D.N.Y. Oct. 23, 2023)). The Court denies the petition without prejudice for the reasons set forth below. *See United States v. Delacruz*, No. 16-cr-262-3 (JGK), 2022 WL 785073 (S.D.N.Y. Mar. 15, 2022) (taking the same approach).

First, because Thomas's letter "makes no reference to [the] administrative remedies that [he] may have pursued with the Bureau of Prisons," his petition is "procedurally improper and

can be denied on that basis alone." *Id.* That is because "a prisoner challenging the computation

of a sentence must first exhaust administrative remedies with the Bureau of Prisons prior to

seeking relief in the district court for sentencing credit." *Id.* (citation modified). Second, and

more importantly, "even if [Thomas] could establish exhaustion, the proper vehicle for judicial

review would be the filing of a § 2241 habeas application in the district in which he is

incarcerated": the Middle District of Florida. *United States v. Lopez*, No. 20-cr-230 (JFK), 2022

WL 2340430, at *2 (S.D.N.Y. June 29, 2022). Thus, the Court lacks jurisdiction to consider

Thomas's petition.[1]

Thomas's petition is therefore DENIED without prejudice to renewal.

IT IS SO ORDERED.

Dated:   January 27, 2026
         New York, New York

_____
                Edgardo Ramos, U.S.D.J.

---

[1] The Court also notes that, even if the Court had jurisdiction, Thomas's challenge would appear to lack merit for the reasons set forth in the government's response. *See* Doc. 589 at 4 (arguing that "[w]hen computing the defendant's sentence in this case, any time prior to November 5, 2013 is . . . 'credited against another sentence' and cannot be counted toward this sentence." (quoting 18 U.S.C. § 3585(b)(2))).